**Case No. 22-3952**

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JOHN KOE,

Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.

Defendants-Appellees.

_____

On Appeal From The United States District Court for the Northern District of Ohio

Case No. 1:22-cv-1455-DAP, Judge Dan Aaron Polster

---

**APPELLEES' RULE 27(d) MOTION TO DISMISS
THE APPEAL FOR LACK OF JURISDICTION**

---

    */s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
1375 E. 9th Street, suite 2250
Cleveland, OH  44114
Telephone:  216-298-1262
Facsimile:   216-344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorney for Appellees*

I.     **MOTION TO DISMISS FOR LACK OF JURISDICTION**

Pursuant to Sixth Circuit Rule 27(d), Appellees University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Appellees") respectfully moves this Court to dismiss Appellant John Koe's ("Appellant") appeal for lack of jurisdiction.

Appellant is a former participant in Appellees' residency program. Appellant's appeal (the "Appeal") seeks review of three orders issued by the United States District Court for the Northern District of Ohio's (the "District Court"): (1) the District Court's Memorandum and Opinion and Order dismissing Appellant's Complaint (the "Dismissal Order"); (2) a protective order issued by the District Court pertaining to Appellant's inappropriate communications with Appellees' officers and employees (the "Protective Order"); and (3) the District Court's order denying Appellant's motion for reconsideration (the "Reconsideration Order"). As explained in this Motion, none of the orders issued by the District Court are final, appealable orders.

As an initial matter, Appellant filed his Complaint anonymously and without first seeking or obtaining a protective order from the District Court to do so. Appellant has also filed this Appeal using a pseudonym and has not sought a protective order from this Court to do so. Importantly, where an Appellant fails to

obtain permission to proceed anonymously with the District Court or otherwise comply with the filing requirements pertaining to a true identity, any appeal therefrom must be dismissed for lack of jurisdiction. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case…").

As to the Dismissal Order, the District Court dismissed Appellant's Complaint without prejudice and for the purpose of providing Appellant with an opportunity to cure the jurisdictional deficiencies through the filing of an amended complaint. This Circuit holds that a dismissal without prejudice that can be cured through an amended complaint is not a final, appealable order. *See Thompson v. Mich. Dep't. of Corr.*, 23 Fed. Appx. 486, 487-88 (6th Cir. 2001).

Similarly, the Sixth Circuit has held that the issuance of a protective order is not a final, appealable order. *See Jaiyeola v. Toyota Mfg. N. Am.*, No. 18-1483, 2018 U.S. App. 12756, *1 (6th Cir. May 16, 2018) (dismissing appeal of protective order, among other items, as the court lacked jurisdiction because the district court's order was not a final, appealable order).

Finally, because the Reconsideration Order is merely derived from the Court's prior orders, it is likewise not a final, appealable order. *See Westerfield v. United States*, 366 Fed. Appx. 614, 619 (6th Cir. 2010) (an order denying a motion

for reconsideration "is merely a coda" to the underlying order. Accordingly, Appellant's Appeal does not seek review of any final, appealable order issued by the District Court and, therefore, the Appeal must be dismissed for lack of jurisdiction.

## II.     RELEVANT FACTS

### A.     Relevant Procedural Background.

This lawsuit arises out of Appellant's termination from a residency program on April 23, 2021. (ECF #1, pgs. 6 and 10-11). Appellant alleges that his termination from the residency program was due to either his sex or disability status. (ECF #1, pg. 4). Appellant filed the complaint anonymously under the pseudonym John Koe. (ECF #1, pg. 1). The Complaint contained a reference to a motion to proceed anonymously, but no motion for a protective order to proceed anonymously was filed with the District Court. (ECF # 1). Appellant also filed a motion to proceed in forma pauperis (ECF #2).

Appellees filed a motion to dismiss the Complaint. (ECF #3). Appellant did not oppose the motion to dismiss. (*See generally*, District Court docket).

Appellees also filed a motion for a protective order. (ECF # 5). The motion for a protective order sought to obtain a protective order due to the many inappropriate communications sent from Appellant to Appellees' officers and

employees. (ECF # 5). On October 11, 2022, the District Court issued the Protective Order. (ECF # 6).

On October 13, 2022, the District Court issued its Dismissal Order. (ECF # 7). The Dismissal Order granted Appellee's motion to dismiss and denied Appellant's motion to proceed anonymously. (ECF # 7). Relevant to this Motion, the District Court's Dismissal Order dismissed Appellant's Complaint without prejudice. (ECF # 7 at 6). Indeed, the District Court's Dismissal Order did not terminate the action. (ECF # 7). Rather, the Dismissal Order merely dismissed the complaint to provide Appellant with the opportunity to file an amended complaint to cure the jurisdictional issue:

> "If Plaintiff wishes to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself."

(ECF # 7 at 6).

The Dismissal Order also certified that any appeal of the Dismissal Order could not be taken in good faith for purposes of proceeding *in forma pauperis* on appeal. (ECF # 7 at 6).

Appellant did not file a motion to reopen the case or other file an amended complaint identifying himself. (*See* District Court docket). Rather, Appellant filed a motion to alter or amend judgment and for reconsideration of the October 13, 2022 order dismissing plaintiff's action, the order denying plaintiff's request to

proceed under a pseudonym, and the order entered on October 11, 2022 (the "Motion for Reconsideration"). (ECF # 9). The Court issued its Reconsideration Order on November 10, 2022, denying Plaintiff's Motion for Reconsideration. (ECF # 10).

### B. The Appeal.

Appellant filed this Appeal on November 14, 2022. (ECF # 11). The Appeal seeks review of the District Court's Dismissal Order, the Protective Order, and the Reconsideration Order. (ECF # 11). The Appeal was filed anonymously and Appellant has not sought to obtain a protective order permitting him to proceed anonymously. (*See* Sixth Circuit Docket).

## III. LAW AND ARGUMENT

### A. Standard Of Review.

28 U.S.C. § 1291 gives the Courts of Appeals authority to review "appeals from all final decisions of the district courts." *In re Post-Newsweek Stations, Michigan, Inc.*, 722 F.2d 325, 329 (6th Cir. 1983). "The effect of the statute is to disallow appeal from a decision which is tentative, informal, or incomplete. Appeal gives the court of appeals a power of review, not one of intervention. So long as the matter remains open, unfinished, or inconclusive, there may be no intrusion by appeal." *Id.* (internal quotations and citations omitted).

As set forth below, the District Court's Dismissal Order, the Protective Order, and the Reconsideration Order were not final, appealable orders because the matter remained open, was unfinished, and was inconclusive. Accordingly, the Appeal should be dismissed for lack of jurisdiction.

**B.    This Court Lacks Jurisdiction Over This Appeal Because Appellant Has Not Been Granted A Protective Order To Proceed Anonymously.**

Appellant filed his Complaint in the District Court using a pseudonym. Appellant did not obtain a protective order to proceed anonymously and, therefore, the District Court properly dismissed the Complaint for lack of jurisdiction.[1] Importantly, where an Appellant fails to obtain permission to proceed anonymously with the District Court or otherwise comply with the filing requirements pertaining to a true identity, any appeal therefrom must be dismissed for lack of jurisdiction. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case…"); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("[b]ecause plaintiffs used pseudonyms without first obtaining permission from the district court, the case was improperly filed and must be dismissed for lack of appellate jurisdiction."); *Publicola v.*

---

[1] Although the District Court considered Appellant's Complaint to also contain a motion for leave to proceed anonymously, Sixth Circuit precedent requires a party seeking to proceed anonymously to seek a protective order to do so. *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636-37 (6th Cir. 2005).

*Lomenzo*, No. 22-795, 2022 U.S. App. LEXIS 32798, *13-16 (2nd Cir. Nov. 29, 2022) (dismissal of appeal appropriate where appellant proceeding anonymously failed to comply with the court's requirements to proceed under true name).

Accordingly, because Appellant failed to file for a protective order – or otherwise obtain permission – to proceed anonymously with the District Court, the Appeal was improperly filed and must be dismissed for lack of jurisdiction.

### C. The Dismissal Order Is Not A Final, Appealable Order.

This Court considers dismissals without prejudice to be final, appealable orders only where the district court's order operates as the dismissal of an entire action, and not merely the dismissal of a complaint. *See Thompson v. Mich. Dep't. of Corr.*, 23 Fed. Appx. 486, 487-88 (6th Cir. 2001). Indeed, this Court does not consider an order to be a final, appealable order if the order can be cured through an amended complaint. *See Zayed v. United States*, 368 F.3d 902, 904-05 (6th Cir. 2004)("[w]here an action, and not merely an amenable complaint (or petition), is dismissed without prejudice, the order of dismissal is final and appealable"); *see also Thompson v. Mich. Dep't. of Corr.*, 23 Fed. Appx. 486, 487-88 (6th Cir. 2001) ("the dismissal of a complaint without prejudice to an amendment of the complaint is not a final and appealable order").

Here, the District Court's Dismissal Order did not operate as a dismissal of an entire action. The Dismissal Order did not terminate the action or otherwise

"make clear that the district court intended to dismiss the entire action, rather than simply the complaint." *Thompson v. Mich. Dep't. of Corr.*, 23 Fed. Appx. 486, 487-88 (6th Cir. 2001) (citing *Mobley v. McCormick*, 40 F.3d 337, 339-40 (10th Cir. 1994)). In fact, the Dismissal Order provided Appellant with a road map and opportunity to cure the deficiency with his Complaint by filing an amended complaint:

> "If Plaintiff wishes to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen this case; and (2) file an amended complaint identifying himself."

(Dismissal Order at 6).

Accordingly, the District Court matter remained open, unfinished, and inconclusive. Appellant's decision to refuse to file an amended complaint is at his own peril. Therefore, the Dismissal Order was not a final, appealable order and, thus, the Appeal must be dismissed for lack of jurisdiction.

Furthermore, because the District Court's Reconsideration Order is derived from the Dismissal Order, it is necessarily not a final, appealable order and must be dismissed for lack of jurisdiction. *See Westerfield v. United States*, 366 Fed. Appx. 614, 619 (6th Cir. 2010) (an order denying a motion for reconsideration "is merely a coda" to the underlying order).[2]

---

[2] Appellant also appeals the District Court's certification that any appeal of the Dismissal Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The District Court's certification is not a final appealable order

### D. The District Court's Protective Order Is Not A Final, Appealable Order.

Appellant also appeal the District Court's Protective Order. Much like the Dismissal Order, the Protective Order is not a final, appealable order. The Sixth Circuit has dismissed appeals based upon a district court's protective order, finding that the protective orders are not final, appealable orders. *See, e.g., Jaiyeola v. Toyota Mfg. N. Am.*, No. 18-1483, 2018 U.S. App. 12756, *1 (6th Cir. May 16, 2018) (dismissing appeal of protective order, among other items, as the court lacked jurisdiction because the district court's order was not a final, appealable order); *see also Howes v. Ashland Oil, Inc.*, No. 87-5939, 1991 U.S. App. LEXIS 10306, *24 (6th Cir. 1991). This is especially true where the underlying matter "remains open, unfinished, or inconclusive." *Id.* at * 17. As set forth above, the District Court's Dismissal Order was not a final, appealable order and, therefore, the District Court matter remained open, unfinished, and inconclusive. Accordingly, the Protective Order is not a final, appealable order and the Appeal must be dismissed for lack of jurisdiction.

### IV. CONCLUSION

Based on the above-cited arguments and authorities, Appellant's Appeal should be dismissed for lack of jurisdiction. Appellant failed to obtain a protective

---

and, in fact, Appellant has availed himself of the procedures set forth in Fed. App. R. 24 to proceed *in forma pauperis* for purposes of this Appeal.

order from the District Court to proceed anonymously and his anonymously-filed Appeal devises this Court of jurisdiction over the appeal. Furthermore, the District Court's Dismissal Order, the Protective Order, and the Reconsideration Order are not final, appealable orders and, therefore, the Appeal must be dismissed for lack of jurisdiction.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of January, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon *Pro Se* Appellant John Koe via email at john@johnkoe.org and via regular U.S. mail to John Koe, P.O. Box 527, Novelty, OH 44072.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Appellees*