<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-3952

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 15, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN KOE, a pseudonym, ) | |
| ) | |
|     Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, ) | THE NORTHERN DISTRICT OF |
| INC.; UNIVERSITY HOSPITALS CLEVELAND ) | OHIO |
| MEDICAL CENTER, ) | |
| ) | |
|     Defendants-Appellees. ) | |

O R D E R

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

This matter is before the court upon the defendants' motion to dismiss for lack of jurisdiction.

The plaintiff filed this employment discrimination action under the pseudonym "John Koe" and moved to proceed in forma pauperis. The complaint also contained a request to file anonymously. The defendants filed a motion to dismiss, asserting that Koe's complaint did not name all parties as required by the Federal Rules of Civil Procedure. They also moved for a protective order requiring Koe to communicate with defendants' counsel of record only; the district court granted that motion on October 11, 2022. Upon initial screening of the complaint, the district court concluded that Koe had not demonstrated circumstances that warranted anonymity, denied the motion to proceed anonymously, and dismissed the action. The district court dismissed the

action without prejudice to Koe continuing his case by filing a motion to reopen and an amended complaint identifying himself within 14 days and entered judgment on October 13, 2022.

Koe filed a motion to alter or amend the district court's October 13, 2022, judgment as well as the October 11, 2022, order granting the defendants' motion for a protective order. The district court denied that motion on November 10, 2022. Koe filed a notice of appeal the following day, seeking to appeal the October 11, 2022 order, the October 13, 2022 judgment, and the November 10, 2022, order denying the motion to alter or amend.

The defendants now move to dismiss the appeal for lack of jurisdiction. They argue that the district court's October 13, 2022, judgment did not terminate the action, but only dismissed Koe's complaint without prejudice so that he could cure the deficiencies by filing an amended complaint. They assert that a dismissal without prejudice that can be cured through an amended complaint is not a final and appealable order. They also argue that the issuance of a protective order is not a final appealable order and, because the underlying orders are not appealable, any denial of reconsideration of those orders is also not appealable.

"Where the district court dismisses an action without prejudice, . . . the order is final and appealable." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc*., 485 F.3d 840, 845 (6th Cir. 2007) (quoting *Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001)). Dismissal of the complaint without prejudice however, "is ordinarily a non-final, nonappealable order (since amendment would generally be available)." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (quoting *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994).

Although the defendants argue that the district court dismissed only the complaint and not the entire action, the district court's memorandum opinion makes clear that the entire action was dismissed. The opinion states, "[Koe]'s motion to proceed anonymously is therefore denied, and the *action* is dismissed for lack of jurisdiction" (Emphasis added). In the opinion's conclusion the court also stated, "this *action* is dismissed without prejudice" (Emphasis added). And while the court noted that Koe could file an amended complaint within 14 days, it also required him to file a motion to reopen the case with the amended complaint, which would be unnecessary if the entire action were not terminated. The district court also filed a separate judgment pursuant to Federal

No. 22-3952
- 3 -

Rule of Civil Procedure 58(a) and certified that an appeal from its decision could not be taken in good faith.  Because the district court dismissed Koe's action and not just his complaint, we have jurisdiction to consider this appeal.  *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 at 611.

The defendants' motion to dismiss is therefore **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk