|  |  |
|---|---|
| John Koe | Case No. _____ |
|  | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ✓ Yes ☐ No |
| -v- | |
| see attached | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

# COMPLAINT FOR DISCRIMINATION IN A PROGRAM RECEIVING FEDERAL FINANCIAL ASSISTANCE

**I.  The Parties to This Complaint**

   **A.  The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | John Koe |
   | Street Address | PO Box 527 |
   | City and County | Novelty, Geauga County |
   | State and Zip Code | OH 44072-0527 |
   | Telephone Number | 330-732-5001 |
   | E-mail Address | john@johnkoe.org |

   **B.  The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | University Hospitals Cleveland Medical Center |
| Job or Title *(if known)* | c/o ACFB INC., Statutory Agent |
| Street Address | 200 PUBLIC SQUARE, STE 2300 |
| City and County | CLEVELAND CUYAHOGA |
| State and Zip Code | OH 44144 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Case Western Reserve University School of Medicine |
| Job or Title *(if known)* | c/o Peter M. Poulos, General Counsel |
| Street Address | 10900 EUCLID AVE. ADELBERT HALL ROOM 311 |
| City and County | CLEVELAND CUYAHOGA |
| State and Zip Code | OH 44106 |
| Telephone Number | (216) 368-0661 |
| E-mail Address *(if known)* | generalcounsel@case.edu / peter.poulos@case.edu |

Defendant No. 3

| | |
|---|---|
| Name | Case Western Reserve University |
| Job or Title *(if known)* | Peter M. Poulos, General Counsel |
| Street Address | 10900 EUCLID AVE. ADELBERT HALL ROOM 311 |
| City and County | CLEVELAND CUYAHOGA |
| State and Zip Code | OH 44106 |
| Telephone Number | (216) 368-0661 |
| E-mail Address *(if known)* | generalcounsel@case.edu / peter.poulos@case.edu |

Defendant No. 4

| | |
|---|---|
| Name | University Hospitals Health System, Inc. |
| Job or Title *(if known)* | c/o ACFB INC., Statutory Agent |
| Street Address | 200 PUBLIC SQUARE, STE 2300 |
| City and County | CLEVELAND CUYAHOGA |
| State and Zip Code | OH 44114 |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | CWRU/UHCMC Residency Program, Psychiatry |
| Street Address | 11100 Euclid Ave, Lakeside Building Suite 6223 |
| City and County | Cleveland, Cuyahoga County |
| State and Zip Code | OH 44106 |
| Telephone Number | (216) 844-5340 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §120101 et seq.

*(Note: As incorporated into Section 504 of the Rehabilitation Act of 1973)*

☑ Other federal law *(specify, the federal law)*:
Title IX of the Education Amendments of 1972, as codified, 20 U.S.C. § 1681 et seq.

☑ Other federal law *(specify, the federal law)*:
Section 504 of the Rehabilitation Act of 1973, as codified, §

☑ Other federal law *(specify, the federal law)*:
Section 1557 of the Affordable Care Act, as codified, §,

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [✓] Disparate treatment in a training program receiving federal financial assistance
- [✓] Termination of my employment.
- [✓] Failure to Accommodate
- [✓] Aiding or perpetuating discrimination.
- [✓] Unequal terms and conditions of my employment.
- [✓] Retaliation.
- [✓] Other acts *(specify)*: Intimidation

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
June 3, 2020 - April 20, 2023

C. I believe that defendant(s) *(check one)*:
- [✓] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [✓] protected activity — opposing discrimination; filing charges of discrimination
- [ ] color
- [✓] gender/sex — male
- [ ] religion national
- [ ] origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [✓] disability or perceived disability *(specify disability)*
  CWRU/UHCMC officials erroneously regarded me as suffering from chemical dependency; physiological impairment that limited sleep; or another impairment related to my record of a head injury. As a result they required me to have multiple medical examinations and made multiple disability inquiries of me in the course of my employment in the CWRU/UHCMC Resident Program.

E. The facts of my case are as follows. Attach additional pages if needed.

Plaintiff requests permission from the court to submit an amended complaint with supporting facts after the Court clarifies how Plaintiff should procedurally pend these claims to the action the Court previously dismissed on October 13, 2022 (i.e. 1:22-cv-01455-DAP) pending appeal before Sixth Circuit Court of Appeals as USCA # 22-3952. Plaintiff is not sure if he should submit an amended complaint encompassing all claims or a separate complaint with a complete set of facts regarding the claims under Title IX, Section 504, and Section 1557.

SEE ATTACHED

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the U.S. Department of Health and Human Services Office of Civil Rights regarding the defendant's alleged discriminatory conduct on *(date)*

August 2, 2021

B. The U.S. Department of Health and Human Services:

 has not issued the letter with results of the investigation under 45 CFR 85.61(g).

Plaintiff believes that he is not required to exhaust administrative remedies to bring suit in federal district court under Title IX, Section 504, and Section 1557.

The U.S. Department of Health and Human Services Office of Civil Rights via its Midwest Region Office and its Investigator Michelle Shrout, JD have failed and refused to explain its failure to complete its investigation in the 180 days required by law or to provide any information to Plaintiff directly or under FOIA improperly asserting Exemption 7(A) to withhold all records in blanket fashion claiming that the investigation is still ongoing.

Plaintiff is filing this complaint with claims under Title IX, Section 504, and Section 1557 in an effort to preserve his causes of action under these statutes arising from facts in the same case and controversy as the action filed on August 15, 2022 in 1:22-cv-01455 in the Federal District Court for N.D. Ohio.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

- Declare the threat made to Plaintiff Koe byUH via its counsel Mr. David A. Campbell and Donald Slezak an unlawful intimidatory or retaliatory act prohibited by Title IX, 45 CFR 80.7(e).
- Enjoin Defendants UH and their counsel from further unlawful intimidatory or retaliatory conduct.
- Refer Mr. David A. Campbell and Mr. Donald Slezak to an appropriate disciplinary authority.
- Allow Plaintiff Koe to pend the causes of action identified in this action to the action currently pending appeal.

- Require Defendants CWRU and UH to provide Plaintiff with "make whole" relief including re-instatement into the CWRU/UHCMC Residency Program and damages in an amount to be determined at trial.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/24/2023

Signature of Plaintiff: *John Koe*

Printed Name of Plaintiff: John Koe

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

**ATTACHED PAGE: (1/4)**

**List of Defendants:**

University Hospitals Cleveland Medical Center

Case Western Reserve University

Case Western Reserve School of Medicine

University Hospitals Health System, Inc.

## ATTACHED PAGES: (2/4)

## DETAILS:

## INTRODUCTION

1. This case arises out of, *inter alia*, the efforts of administrators at the Case Western Reserve University and Case Western Reserve University School of Medicine (collectively "CWRU") and administrators/representatives of University Hospitals Cleveland Medical Center and University Hospitals Health System, Inc. (collectively "UHCMC", "UH", or "University Hospitals") which run an integrated graduate medical education program (i.e. medical residency program) as "CWRU/UHCMC" to retaliate against John Koe after he complained of unlawful discrimination, intimidation, and retaliation and filed charges of unlawful discrimination with federal and state agencies.

2. In his residency program, Koe was subjected to discrimination on the basis of disability, sex, and in reprisal for his protected activity by CWRU/UHCMC officials including Program Director for the Psychiatry Residency Program Cathleen A. Cerny-Suelzer MD, Designated Institutional Official Susan T. Nedorost MD, and Psychiatry Chair Robert J. Ronis, MD.

3. Koe files charges in February-March 2021 with the NLRB, EEOC, and OCRC complaining about unlawful discrimination on the basis of disability and unlawful retaliation for reporting such discrimination.

3. After Koe filed charges, CWRU/UHCMC officials eager to avoid the scrutiny of federal agencies engaged renewed a campaign of retaliatory harassment and intimidation against John Koe culminating in John Koe's discharge from his employment and his residency training position on April 23, 2021.

4. CWRU/UHCMC officials with knowledge of the discrimination harassment and retaliatory harassment failed to take action to preserve John Noakes' ability to complete his graduate medical education in peace or continue his employment in the CWRU/UHCMC Residency Program.

5. On August 15, 2022, Koe initiated a timely action in the Federal District Court for the N.D. Ohio with respect to related claims related to the EEOC charges he filed over this discrimination and retaliation after receiving his notice of rights to use. That action was docketed as 1:22-cv-01455-DAP.

6. Before Koe had the opportunity to do so, the District Court on October 13, 2022 dismissed the action for reasons that remain unclear pursuant to the screening procedure under 28 U.S.C. § 1915.

7. The Court denied Koe's timely filed motion seeking reconsideration and altered/amended judgment requesting permission to amend on November 10, 2022. Koe filed a timely notice of appeal.

**ATTACHED PAGES: (3/4)**

8. On November 15, 2022, the Sixth Circuit Court of Appeals acknowledged receipt of the notice of Appeal docketed as # 22-3952.

9. Plaintiff John Koe believes that because the claims arise from the same case and controversy as the case that these claims would optimally be heard with the action currently pending appeal before the Sixth Circuit after resolution of that appeal.

10. Due the complex procedural posture of this case in light of the pending appeal, Koe, who is untrained and inexperienced in the law and still unable to afford counsel, has been unable to ascertain how exactly a Plaintiff would proceed to bring these claims given the District Court's dismissal of his action and refusal to reconsider its other decisions (e.g. to issue a court order prohibiting Plaintiff Koe from communicating with CWRU; to refuse to afford Plaintiff Koe an opportunity to be heard with respect to his motion to proceed under a pseudonym given the exceptional circumstances of the case).

11. Koe has notified Defendants of his intent to bring these claims using his real name and requested Defendants agree to toll the statute of limitations in the interest of not needlessly multiplying proceedings and judicial economy.

12. Defendants CWRU via their General Counsel Peter M. Poulos has been silent as to these matters.

13. Defendants UHCMC informed Koe via email on April 20, 2023 that they would not agree to toll.

14. In fact, counsel for UH, David A. Campbell, III (OH Attorney # 66494) threatened Koe in the same email sent on April 20, 2023 at 12:55 PM that "If you file another lawsuit or claim alleging Title IX violations, UHCMC will seek appropriate relief from the Court on your frivolous filing."

15. Attached as Exhibit 1 is the email in which Mr. Campbell threatened Plaintiff Koe with reprisal if he tried to pursue claims under Title IX by filing papers with the Court. Koe's real name and other identifying information are redacted as to not moot relief Koe is seeking in the appeal in USCA #22-3952.

16. Under the regulations implementing Title IX e.g. 45 CFR 80.7(e), it is unlawful to "intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title IX] or [its regulations], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing".

17. Mr. Campbell's threat was made with the purpose of interfering with rights/privileges secured by *inter alia* Title IX and was made because Koe made a complaint and intends to participate in proceeding.

**ATTACHED PAGES: (4/4)**

**PARTIES**

15. Plaintiff John Koe was a medical resident employed as a resident physician in the Case Western Reserve University / University Hospitals Cleveland Medical Center residency from June 20, 2019 to April 23, 2021.

16. Plaintiff is an Ohio resident with a residence in Geauga County.

17. Defendant Case Western Reserve University is a private educational institution. CWRU School of Medicine is a part of CWRU and follows university-wide policies and procedures

18. CWRU voluntarily participates in federal spending programs.

19. UHCMC voluntarily participates in federal spending programs.

20. University Hospitals Health System, Inc. voluntarily participates in federal spending programs.

21. Defendants University Hospitals Cleveland Medical Center and University Hospitals are healthcare institutions.

22. CWRU/UHCMC run an integrated undergraduate and graduate medical education program for the purposes of training physicians.

**FACTS**

23. Plaintiff requests permission to provide an amended complaint containing pertinent facts supporting the action after clarification of the procedure for bringing these claims given the current procedural posture of the action arising from the same case and controversy that is now pending appeal before the Sixth Circuit Court of Appeals as USCA #22-3952.

# EXHIBIT 1

**Subject:** RE: [EXT] Re: Additional Federal Claims
**From:** "Campbell, David A. (Cleveland)" <David.A.Campbell@lewisbrisbois.com>
**Date:** 4/20/2023, 12:55 PM
**To:** [John Koe] @gmail.com>
**CC:** "Slezak, Donald" <Donald.Slezak@lewisbrisbois.com>, "Campbell, David A. (Cleveland)" <David.A.Campbell@lewisbrisbois.com>

I am quite surprised by the many emails – sent from various email addresses – demanding that UHCMC enter into a tolling agreement with you on a claim never before raised by you with a mere notice period of hours. UHCMC has responded to many, many charges, a lawsuit, and an appeal over the two years since you were discharged yet you never raised any Title IX allegations. In fact, you admit that the Title IX claim should have been asserted in the federal court lawsuit that has been dismissed, but it was not included.

UHCMC will enter into a tolling agreement on notice of hours on a frivolous claim. If you file another lawsuit or claim alleging Title IX violations, UHCMC will seek appropriate relief from the Court on your frivolous filing. We hope that such a filing is not necessary.

Thank you.

David A. Campbell
Partner
Lewis Brisbois
Phone: 216-298-1261
Cell: 216-385-5347



**David Campbell**
**Partner**
**David.A.Campbell@lewisbrisbois.com**

**T: 216.298.1261 F: 216.344.9421**

1375 E. 9th Street, Suite 2250, Cleveland, OH 44114 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**From:** [John Koe] [John Koe] @gmail.com>
**Sent:** Thursday, April 20, 2023 12:00 PM
**To:** Campbell, David A. (Cleveland) <David.A.Campbell@lewisbrisbois.com>
**Cc:** [John Koe] @gmail.com>; generalcounsel@cwru.edu
**Subject:** [EXT] Re: Additional Federal Claims

*Via Electronic Mail*

April 20, 2023

University Hospitals and Case Western Reserve University

c/o

David A. Campbell (OH Attorney # 66494)

Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114

CC:

Office of General Counsel
Case Western Reserve University
generalcounsel@cwru.edu

Dear Mr. Campbell,

I have yet to hear from you regarding this matter despite the email I sent you yesterday around 5:00 PM as well as the email sent earlier this morning at approximately 9:15 AM below.

Because they have an interest in this matter and I have no indication that you have contacted them (or that you are authorized to represent them), I have copied the General Counsel for Case Western Reserve University on this email thread.

They have already been copied on an email sent from the pseudonym-related email address, but in the interest of affording Case Western Reserve University proper notice and due process I am including them on this email from the email associated with my real name. This should not be seen as a waiver or abandonment of my efforts to proceed under a pseudonym--that is issue is still pending a decision on appeal.

For the record, the existing case/action mentioned in these emails is:

*Koe v. University Hospitals Health System, Inc*. (1:22-cv-01455).

There is a pending appeal before the Sixth Circuit under case number # 22-3952.

As you know, Mr. Campbell, on February 15, 2023, the Sixth Circuit denied your Motion to Dismiss for Lack of Appellate Jurisdiction. Specifically, the Court noted that your argument was predicated on misrepresentations of the record/the events in the district court, namely the fact that the district court dismissed the action and in fact entered a separate judgement that satisfies the requirements of Fed. R. Civ. P. Rule 58.

Mr. Campbell, if you are unavailable for a phone conference today, I would ask that you provide me with a reasonable and appropriate waiver of the statute of limitations (e.g. a statement agreeing to toll) with respect to the additional parallel federal claims under the statutes that prohibit discrimination in programs that receive or benefit from federal financial assistance.

Because I have had no knowledge of facts indicating that Case Western Reserve University would be considered a joint employer, Case Western Reserve University was not named in the EEOC charge filed around March 3, 2021, the amended EEOC charge filed around August 2, 2021, or the complaint filed in the N.D. Ohio on August 15, 2022 with claims under the ADA, GINA, and Title VII. Likewise, Case Western Reserve University was not named in the unfair labor practice charges filed against University Hospitals. However, my understanding is that Case Western Reserve University is the academic partner of University Hospitals with respect to its Graduate Medical Education programs which are receive/benefit from federal financial assistance. Indeed, many of the involved UH officials and supervisors (e.g. Dr. Cathleen A. Cerny-Suelzer, Dr. Robert Ronis, Dr. Simran Singh, Dr. Susan Nedorost, Dr. Jeanne Lackamp, etc.) are (or at least were) faculty in the Case Western Reserve School of Medicine.

As a direct result of your conduct Mr. Campbell (i.e. moving the court for an order prohibiting me from directly communicating with employees and affiliates of University Hospitals), I have been prohibited informally investigating relevant facts or directly communicating with Case Western Reserve University in an effort to resolve claims any claims that may exist against it. I hope that counsel for Case Western Reserve University will consider agreeing to waive the statute of limitations via a reasonable tolling agreement designed to allow for good faith discussion and amicable resolution of any claims without the need for litigation.

Barring a statement agreeing to toll/waive the statute of limitations, I will be taking appropriate action to preserve these causes of action.

Thank you for your prompt attention to these matters.

Sincerely,
[John Koe], MD

[John Koe]
[Address]

Cell (direct) [#]
Email (direct) [John Koe]@gmail.com

On Wed, Apr 19, 2023 at 5:36 PM [John Koe] <[John Koe]@gmail.com> wrote:

> *Via Electronic Mail*
>
> April 19, 2023
>
> University Hospitals
>
> *via*
>
> David A. Campbell (OH Attorney # 66494)
>
> Lewis Brisbois Bisgaard & Smith, LLP
> 1375 E. 9th Street
> Suite 2250
> Cleveland, OH 44114
>
> Dear Mr. Campbell,
>
> Please consider this written notice of claims of discrimination and retaliation against University Hospitals and its academic partner Case Western Reserve University under the federal anti-discrimination statutes/laws that apply to recipients/beneficiaries of federal financial assistance (e.g. Section 504, Title IX, ACA Section 1557).
>
> These claims are parallel to those filed in the district court.
>
> I had planned on amending these parallel claims (i.e. under these additional statutes) into the action I filed in the district court, but I was denied the opportunity to do so. While the appeal of the dismissal of that action remains pending, I am confident that the action will be remanded to district court.
>
> The district court's October 11, 2022 order instructs me to direct all communication about the case to you. Accordingly, I am requesting that you:
>
> 1. Notify your client of these claims though they should already be aware given my attempts to administratively exhaust these claims.
> 2. Seek your client consent for a tolling agreement regarding these claims so that the proceedings need not be multiplied.
> 3. Please notify Case Western Reserve University of these claims in writing. In the interest of due process, you may disclose my real identity to the legal representative for Case Western Reserve University though they should already be aware given my attempts to administratively exhaust these claims.
> 4. Arrange a phone call with the duly authorized representative(s) for Case Western Reserve University this evening or tomorrow so that we can discuss a tolling agreement with respect to these federal claims against both University Hospitals and Case Western Reserve University.
>
> Thank you.
>
> Sincerely,
> [John Koe]