No. 22-3952

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 19, 2023
DEBORAH S. HUNT, Clerk

JOHN KOE, a pseudonym,

    Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC., et al.,

    Defendants-Appellees.

O R D E R

Before: DAVIS, Circuit Judge.

John Koe, an anonymous pro se Ohio plaintiff, appeals the district court's sua sponte dismissal of his federal employment-discrimination and retaliation complaint without prejudice for lack of jurisdiction. Koe moves the court to proceed in forma pauperis (IFP) on appeal. For the following reasons, the motion is denied.

Koe filed federal employment-discrimination and retaliation claims against his former employers. Claiming that his lawsuit would require him to disclose information of the "utmost intimacy" from his employer-mandated mental-health counseling sessions, Koe moved the district court to proceed under pseudonym. But because Koe had not specified the harm that would result from the disclosure of his identity or differentiated his case from cases brought by other persons with mental-health disabilities, the district court found that he had not overcome the presumption in favor of open judicial proceedings. The court therefore denied Koe leave to proceed anonymously and dismissed his complaint for lack of jurisdiction. The court later denied Koe's motion to alter or amend the judgment.

Under Federal Rule of Appellate Procedure 24(a)(5), a party may apply to proceed IFP in this court. *Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006). This court may grant an IFP

motion if it determines that an appeal would in fact be taken in good faith and that the plaintiff is indigent. *Id.* at 776. An appeal is not in good faith if it is frivolous and thus "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Koe does not have a good-faith argument that the district court erred in finding that he did not overcome the presumption in favor of open judicial proceedings. *See D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Koe did not specify the harm that would result from disclosure of his identity, nor did he distinguish his case from other cases involving litigants with mental-health disabilities. *Cf. Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020). And Koe could have been shielded from public embarrassment by filing the records of his counseling sessions under seal. *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).

For these reasons, the court **DENIES** Koe's IFP motion. Unless Koe pays the $505 filing fee to the district court within 30 days of the filing of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk