RECEIVED
06/05/2023
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN KOE, a pseudonym, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-3952 |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM INC., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

APPELLANT'S MOTION FOR RECONSIDERATION OF THE MAY 19, 2023
ORDER REQUIRING PRE-PAYMENT OF APPELLATE FEES

Pursuant to Fed. R. App. P. 27(b) and 6 Cir. R. 27(g), Plaintiff-Appellant

John Koe ("Koe") moves this honorable Court to reconsider the May 19, 2023

single-judge order requiring him to pre-pay appellate fees in this appeal arising

from the dismissal of his civil rights action because the Court (1) has overlooked

the nonfrivolous issues identified for appellate review attached to the motion and

affidavit filed under Fed. R. App. P. 24(a)(5); (2) has overlooked of the reasoned

arguments and authorities advanced in the motion to alter judgment submitted in

the court below; and (3) has overlooked the fact that the May 19, 2023 order in

essence conditions meaningful appellate review on the pre-payment of fees

contrary to 28 U.S.C. §1915.

-1-

## BACKGROUND

Koe brought his civil rights action *pro se* against his former employer(s), University Hospitals Cleveland Medical Center and University Hospitals Health System Inc.  (collectively "University Hospitals" or "UH"). In his timely filed complaint, Koe included an integral motion seeking leave to proceed under a pseudonym. (DC Doc. 1-1, PageID 6). Koe moved for leave to proceed *in forma pauperis* in the district court. (DC Doc. 1-2).

In short, Koe's complaint alleges that during his employment as a resident physician he was subjected to unlawful discriminatory and retaliatory harassment on the bases of sex, disability, and reprisal for his protected activities.  More specifically, Koe alleges, *inter alia*, that the UH used its mandatory Employee Assistance Program("EAP") policy or practice as a subterfuge for conducting unlawful medical examinations and disability-related inquiries on current employees in violation of the Americans with Disabilities Act as amended in 2008 ("ADA"), 29 C.F.R. 1630.14(d) & 42 U.S.C. §12112(d)(4)(A). Koe alleges additionally that under this policy or practice UH requested or required family medical history from current employees in violation of the Genetic Information Non-Discrimination Act of 2008 ("GINA"), 42 U.S.C. § *2000ff*-1(b). Koe states that he was subjected to UH's EAP policies and practices, under threat of discharge, and over his objections that such examinations/inquiries were unlawful.

Koe related that due to UH's failure to take prompt and corrective action to ongoing harassment he eventually filed charges with *inter alia* the National Labor Relations Board ("NLRB") and U.S. Equal Employment Opportunity Commission ("EEOC") challenging UH's EAP policies and practices. Koe alleges that when UH learned of his charges he was subjected to further retaliatory harassment culminating in an act of retaliatory and discriminatory discharge within 2-3 months.

On September 16, 2022, prior to any screening under 28 U.S.C. § 1915 and prior to service of process, UH filed a motion to dismiss. (DC Doc. 3). On October 10, 2022, still prior to any screening, UH filed a motion with the district court seeking a "protective order" prohibiting Koe from "directly communicating with" any of its officers, employees[1], or affiliates and requiring Koe to direct all communications about the case to UH's counsel of record. (DC Doc. 5). The next day, the district court granted UH's motion and issued the requested order without attempting to contact Koe, seeking a responsive pleading, or scheduling a hearing. (DC Doc. 6).

---

[1] University Hospitals Health System, Inc. notably employs over 25,000 individuals or >1.2% of the Cleveland metro area

On October 13, 2022, the district court simultaneously granted Koe pauper status, denied his motion to proceed under a pseudonym, and dismissed his complaint and action "without prejudice". The district court reasoned that because it had denied Koe leave to proceed under a pseudonym it lacked jurisdiction to hear the case. The district court's memorandum opinion and order stated that if Koe wished to continue his case he "must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself." (DC Doc 7, PageID 101). The district court contemporaneously entered a separate judgment dismissing all claims "without prejudice" pursuant to 28 U.S.C. § 1915(e) without specifying one of the enumerated reasons under that section. The district court certified *sua sponte* "that an appeal from [its] decision could not be taken in good faith" pursuant to 28 U.S.C. § 1915(a)(3). (DC Doc 8, PageID 102).

On November 9, 2022, Koe moved the district court to modify its judgment based on errors of law and in the interest of justice. Koe requested the district court *inter alia* (1) reverse its decision to dismiss his civil rights action so that his case could be  heard on its merits because the district court had jurisdiction; (2) afford him an opportunity to brief and argue the circumstances that would justify leave to proceed under a pseudonym; and (3) vacate the order prohibiting him from communicating with UH's employees because it was improperly issued under Fed.

R. Civ. P. 26(c), the First Amendment, and the Norris-LaGuardia Act, 29 U.S.C. 101 *et seq.* Koe's motion was supported by reasoned arguments and cited authorities. (DC Doc. 9-1). Koe moved the district court, in the alternative, to at least vacate its certification that an appeal could not be taken in good faith in light of his demonstration of the existence of nonfrivolous issues and reasoned legal arguments for appeal. (DC Doc. 9-1, PageID 118-119). On November 10, 2022, the district court summarily denied the motion and re-certified that an appeal could not be taken in good faith. (DC Doc. 10, PageID 126) The district court did not explain its reasons for its certification. Cf. Fed. R. App. P. 24(a)(1) and 24(a)(3).

On November 14, 2022, Koe filed a timely notice of appeal to the Sixth Circuit Court of Appeals from the district court's judgment dismissing his action, the order prohibiting him from communicating with UH employees, and the other decisions that merge on appeal under the Fed. R. App. P. (DC Doc. 11). The appeal was docketed by the Sixth Circuit Court of Appeals as Case # 22-3592 on November 15, 2022.

This Court mailed Koe a case opening letter informing him that because the district court revoked his pauper status, he would need to pay the full $505.00 appeal filing fee or file a motion for pauper status with the Court to waive the filing fee. The Court enclosed a blank form motion for pauper status and a blank

copy of Form 4 of the Appendix of Forms, *Affidavit Accompanying Motion to Appeal in Forma Pauperis* with its mailing. (1-1, 1-2).

Koe returned a completed and signed motion and financial affidavit along with an attached a preliminary statement of issues for appeal challenging the district court's certification that his appeal was not taken in good faith under Fed. R. App. P. 24(a)(5). (6, Page 2; also attached as Exhibit A). Koe framed the issues for which he is seeking appellate review as "questions of law for the purpose of showing that the appeal is being taken in good faith and to comply with Fed. R. App. P. 24", namely:

1. Is a court order prohibiting a litigant from communicating with over 25,000 individuals an unconstitutional prior restraint of free speech under the First Amendment?

2. Is an order denying a litigant's motion to proceed by pseudonym immediately appealable under the collateral order doctrine?

3. Does a litigant's use of a pseudonym instead of a real name when filing a complaint deprive a court of subject-matter jurisdiction?

4. Under the Norris-LaGuardia Act, does a court lack jurisdiction to issue an order restraining a litigant from communicating with other employees when the controversy involves or arose out of alleged unlawful employment practices by the employer?

5. Does a court deprive a litigant of procedural due process when it denies the litigant's motion to proceed using a pseudonym to protect privacy interests at risk from bringing action without affording the litigant a meaningful opportunity to be heard?

## **Procedural Posture on Appeal**

This appeal has not been briefed and no briefing schedule has been set.

On January 17, 2023, UH filed a motion to dismiss the appeal for lack of jurisdiction under 6th Cir. Rule 27(d). (8-1). On February 15, 2023, this Court denied that motion after a 3-judge panel determined that the Court has jurisdiction to hear Koe's appeal taken from the judgment of the district court dismissing his civil rights action. (9-1).

On May 19, 2023, the Court entered a single judge order denying Koe's Rule 24(a)(5) motion reasoning Koe "does not have a good-faith argument that the

district court erred in finding that he did not overcome the presumption in favor of open judicial proceedings." The order threatens dismissal of the appeal for want of prosecution "[u]nless Koe pays the $505 filing fee to the district court within 30 days of the filing of this order." (16-1).

Koe now moves Court to reconsider and vacate the May 19, 2023 single-judge order, enter an order finding that Koe seeks review of nonfrivolous issues and waiving the appeal filing fee so that this appeal may be determined on its merits after it has been fully briefed and argued.

## ISSUE

The issue before this Court when reconsidering its May 19, 2023 order is:

Does Koe seek appellate review of nonfrivolous issues?

## ARGUMENT

## I. Legal Standard

### A. Screening for Frivolity under 28 U.S.C. § 1915

"Good faith has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). see also *Coppedge v. United States*, 369 U.S. 438, 445 (1962). In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court made clear

that frivolity and lack of merit are not coextensive stating "legal points arguable on their merits" are "therefore not frivolous." *Id.* at 744, 87 S.Ct. at 1400. In other words, the focus of frivolity screening under §1915 is limited to the weight of the issues, not their ultimate merits.

## II. This Appeal Seeks Review of Nonfrivolous Issues

The record from the court below and the preliminary statement filed with this Court demonstrates that Koe is seeking appellate review of nonfrivolous issues. Koe appealed from the judgment of the district court dismissal of his civil rights action under 28 U.S.C. § 1915(e). Absent reversal, the courthouse door is shut and Koe will be deprived of the opportunity to litigate or have heard on its merits the action he filed to vindicate rights guaranteed by the ADA and the GINA. The district court explained in its memorandum opinion and order that it was dismissing Koe's action for lack of jurisdiction relying on *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x. 630, 637 (6th Cir. Jan. 3, 2005) (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)) ("the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."). (DC 7, PageID100). *Marsh* is an unpublished and non-precedential Sixth Circuit case from 2005 that is not binding on the district court. When Koe moved the district court to alter its judgment, he challenged the district court's legal reasoning arguing that a real

name cannot be "jurisdictional if a court has the power to fully hear and decide a case brought by a pseudonymous litigant" while citing to *Doe v. Porter,* 370 F.3d 558 and *Roe v. Wade,* 410 U.S. 113. (DC Doc. 9-1, PageID 109). In the same motion, Koe cited to *B.R. v. F.C.S.B.,* No. 21-1005 (4th Cir. Nov. 2, 2021) where the Fourth Circuit acknowledging pseudonymous litigation implicates the "customary and constitutionally-embedded presumption of openness in judicial proceedings," (citing *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981)) rejected "the suggestion that a plaintiffs failure to disclose her name to the court at the outset of the litigation denies the court the *power* to resolve the dispute." *Id.* (cleaned up). As part of its analysis, the Fourth Circuit rejected *Gibbs* as well as *Marsh* concluding:

> *Gibbs* represents the kind of "drive-by jurisdictional ruling[] of [the] sort" that was more common before Supreme Court decisions like *Steel Company* made clear that the term subject-matter jurisdiction means "the court's statutory or constitutional *power* to adjudicate the case." 523 U.S. at 89, 91. Indeed, *Gibbs* was decided before *Steel Company.*
>
> *Id.*

While Sixth Circuit appears to have not yet had an occasion to fully reconsider its decision in *Marsh,* the reasonable jurists of the Fourth Circuit clearly found a colorable argument for rejecting *Marsh* and thus the legal reasoning underpinning the district court's decision to dismiss Koe's civil rights action.

Koe also seeks review of the district court's *ex parte* issuance of an order prohibiting him from directly communicating with at least 25,000 individuals as *inter alia* (1) an improper prior restraint of First Amendment rights issued without notice or a hearing; and (2) erroneously issued when courts are deprived of jurisdiction to issue such orders, especially without an evidentiary hearing, under the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.* These issues are distinctly nonfrivolous.

### III. The May 19, 2023 Order Overlooks the Record

While the May 19, 2023 order initially identifies in essence that Koe's appeal is from the district court's dismissal of his employment civil rights action "for lack of jurisdiction," the order only addresses the district court's decision to deny Koe leave to proceed under a pseudonym arguing:

> Koe does not have a good-faith argument that the district court erred in finding that he did not overcome the presumption in favor of open judicial proceedings. Koe did not specify the harm that would result from disclosure of his identity, nor did he distinguish his case from other cases involving litigants with mental-health disabilities. *Cf. Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020). And Koe could have been shielded from public embarrassment by filing the records of his counseling sessions under seal.

> (16-1) (cleaned up)

The May 19, 2023 order overlooks the fact, that while leave to proceed under a pseudonym ultimately lies in the sound discretion of a trial court, in this case the

district court's sudden but not *sua sponte* decision to dismiss Koe's action under 28 U.S.C. § 1915(e) had the effect of denying Koe the opportunity to brief or argue the exceptional circumstances justifying leave to proceed under a pseudonym. Accordingly, the district court was without the occasion to fully and soundly consider the issue. Furthermore, the May 19, 2023 order overlooks the fact that when his filings are construed liberally Koe did in fact distinguish his case from other cases, and in fact did identify specific harm justifying his request for leave to proceed under a pseudonym. In the motion for leave to proceed under a pseudonym in his original complaint, Koe cited *Roe v. Catholic Health Initiatives Colorado*, 11-cv-02179-WYD-KMT (D. Colo. Jan. 4, 2012), a Colorado district court ruling in a case brought by a plaintiff litigating similar violations of Title I of the ADA where the district court allowed the plaintiff Roe to proceed under a pseudonym on the paradigm that "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir.1992). (DC Doc. 1-1, PageID 6). In his motion for reconsideration, Koe explained further:

> While Defendants have already retaliated against Plaintiff, Plaintiff has not yet incurred the harm of the unlawful and widespread public disclosure of medical information explicitly protected from disclosure, without limitation, under 42 U.S.C. § 290dd-2, 42 U.S.C. § 12112(d), and by the psychotherapist-client privilege. *See, Jaffee v. Redmond,* 518 U.S. 1. This information only exists or is at issue because of Defendants discriminatorily and unlawfully subjected Plaintiff to prohibited medical

examinations/inquiries, 42 U.S.C. § 12112(d)(4)(a) under the subterfuge of their EAP in violation of 29 C.F.R. § 1630.14(d) *et seq.* Defendants have already shown they are willing to abuse the litigation privilege to attack Plaintiff and to improperly publish communications protected by privilege without Plaintiff's consent (e.g. Doc. 5-1 at 23- 24) for no other purpose than improper purpose such as harassing Plaintiff.

(DC Doc. 9-1, PageID #113)

The argument in the May 19, 2023 order about sealing records overlooks the fact that the district court simply dismissed Koe's action and did not indicate it would allow Koe to file records under seal. Cf. *Doe v. Carson* No. 19-1566/19-1714 (6th Cir. May 6, 2020) (unpublished opinion at *4). The May 19, 2023 order overlooks the fact that Koe, when he moved the district court to modify its judgment, presented a colorable argument that compared to filing records under seal, leave pseudonym would be less restrictive to the public interest in open judicial proceedings because a pseudonym would deprived the public of only a single fact: Koe's real name. (DC Doc. 9-1, PageID 114). Thus, Koe argued granting him leave to proceed under a pseudonym thus struck a better balance between:

> protecting his legitimate "privacy interests, the public interest in the enforcement of the privacy provisions of Title I of the ADA, the public interest in privacy protections under 42 U.S.C. § 290dd-2, the public interest in maintaining the sanctity of the psychotherapist-client privilege, the public interest in ensuring that other similarly situated litigants will come forward, and the public interest in open judicial proceedings."
>
> *Id.*

-13-

There is in fact a good faith argument that the district court erred in denying Koe the opportunity to brief or argue the pseudonym issue, especially when the district court considered UH's filings.

## IV. *Doe v. Carson* **Supports a Finding that Koe Seeks Review of Nonfrivolous Issues**

The May 19, 2023 order denies Koe pauper status based on the conclusion that he "does not have a good-faith argument" citing in comparison to the cases *Doe v. Carson* 6th Cir. No. 19-1566/19-1714, 2020. (16-1). However, the May 19, 2023 order overlooks or misapprehends this honorable Court's prior decision finding that a plaintiff-appellant appealing a district court's dismissal of a civil rights action for lack of jurisdiction and related denial of leave to proceed anonymously was "seek[ing] appellate review of non-frivolous issues." *Doe v. Carson* No. 19-1566 (6th Cir. January 8, 2020) (unpublished order).

In that case, Doe sought leave to proceed in anonymity due to concerns about the stigma of being associated with a mental health impairment in public court filings. The district court magistrate judge, finding that Doe had not overcome the presumption of open judicial proceedings, recommended denial of Doe's motion and directed Doe to file an amended complaint identifying herself by her legal name within 21 days. The court warned that if Doe failed to do so her

action would be at risk for dismissal "for lack of jurisdiction." Doe filed a timely

objection to the magistrate judge's report and recommendation and a notice of

appeal to the Sixth Circuit Court of Appeals. The district court entered an order

reaffirming its decision, certifying Doe's appeal as seeking review of "frivolous"

issues, and denying Doe leave to proceed *in forma pauperis* on appeal. The district

court nevertheless informed Doe that she still "could file a motion for leave to

proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set

forth in Fed. R. App. P. 24(a)(5)." The district court then dismissed Doe's action

"for lack of jurisdiction" when she did not file an amended complaint. Doe then

filed a motion in this Court to amend her existing appeal which was construed as a

separate notice of appeal docketed under case number 19-1714. Doe filed for leave

to proceed *in forma pauperis* under Fed. R. App. P. 24(a)(5) in both appeals. When

this Court screened Doe's appeal, this Court citing *Coppedge v. United States*, 369

U.S. 438, 445 (1962) found that Doe was "seek[ing] appellate review of non-

frivolous issues" (e.g. denial of leave to proceed anonymously and the dismissal of

her civil rights action), and waived the appeal filing fee. *Doe v. Carson* No. 19-

1566 (6th Cir. January 8, 2020) (unpublished order) & *Doe v. Carson* No. 19-1714

(6th Cir. January 8, 2020) (unpublished order).

    If the Court found Doe was seeking appellate review of "non-frivolous

issues" when she appealed the district court's dismissal of her civil rights action

and related denial of leave to proceed anonymously, the Court should find Koe too is seeking appellate review of non-frivolous issues. Koe in fact has more room to argue the district court erred in dismissing his civil rights action because in contrast to Doe, Koe was deprived of the procedural protections anticipated by Fed. R. Civ. P. because *inter alia* he (1) was not given notice of the potential dismissal; (2) was deprived of an opportunity to avoid dismissal; (3) was deprived of an opportunity to brief or argue the exceptional circumstances of his case that justified leave to proceed under a pseudonym; and (4) was deprived of the opportunity to respond to the filings UH submitted and the district court considered when dismissing Koe's action.

## V. Conditioning Appellate Review on a Fee Is Contrary to 28 U.S.C. § 1915

The May 19, 2023 single-judge order overlooks the fact that it conditions meaningful appellate review on the pre-payment of an appeal filing fee contrary to both the Congressional intent behind the *in forma pauperis* statute and settled precedent. Congress enacted the *in forma pauperis* statute now codified under 28 U.S.C. § 1915 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Beginning with *Griffin v. Illinois*, 351 U.S. 12 (1956) the Supreme Court has held that equal justice was not afforded an indigent appellant where the nature of the review "depends on the amount of money he has." *Id.* In

*Cruz v. Hauck*, 404 U.S. 59, 63–64, 92 S.Ct. 313, 30 L.Ed.2d 217 (1971) the

Supreme Court expanded *Griffin* to civil actions declaring "equal protection

concept is not limited to criminal prosecutions." In *Coppedge*, the United States

Supreme Court explained:

> "The point of equating the test for allowing a pauper's appeal to the test for dismissing paid cases, is to assure equality of consideration for all litigants. The equation is intended to place the burdens of proof and persuasion in all cases on the same party — in these cases, on the Government."

> *Coppedge v. United States*, 369 U.S. 438, 447-448 (1962)

## CONCLUSION

Based on the foregoing, Koe respectfully requests the Court vacate the May

19, 2023 single-judge order and enter an order finding that Koe seeks review of

nonfrivolous issues and waiving the appeal filing fee so that this appeal may be

determined on its merits after it has been fully briefed and argued.

Dated: June 5, 2023                                    Respectfully submitted,

John Koe

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff-Appellant, *pro se*

-17-

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) in that this document contains 3767 words; and

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Office in 14-point Times New Roman.

Dated: June 5, 2023

John Koe

-18-

# EXHIBIT A

FORM 4.      AFFIDAVIT ACCOMPANYING MOTION FOR
          PERMISSION TO APPEAL IN FORMA PAUPERIS

United States Court of Appeals
for the Sixth Circuit

RECEIVED
12/16/2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN KOE | ] |
| Plaintiff - Appellant | ] |

v.                                              ]          Case No: 22-3952

| | |
|---|---|
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC.; UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER | ] |
| Defendants - Appellees | ] |

## Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. §§ 1746; 18 U.S.C. §§ 1621.)

Signed: _John Koe_

## Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date:   December 14, 2022

My issues on appeal are:

See attached.

**Attachment to Form 4:** Statement of Issues for the Purpose of Fed. R. App. P. 24

Appellant does not intend this statement of issues to be binding and does not intend for an omission of any issue otherwise preserved to constitute a waiver of that issue. Appellant Koe submits this statement of issues highlighting important questions of law for the purpose of showing that the appeal is being taken in good faith and to comply with Fed. R. App. P. 24. This case raises without limitation the following important issues:

1.  Is a court order prohibiting a litigant from communicating with over 25,000 individuals an unconstitutional prior restraint of free speech under the First Amendment?

2.  Is an order denying a litigant's motion to proceed by pseudonym immediately appealable under the collateral order doctrine?[1]

3.  Does a litigant's use of a pseudonym instead of a real name when filing a complaint deprive a court of subject-matter jurisdiction?

4.  Under the Norris-La Guardia Act, does a court lack jurisdiction to issue an order restraining a litigant from communicating with other employees when the controversy involves or arose out of alleged unlawful employment practices by the employer?

5.  Does a court deprive a litigant of procedural due process when it denies the litigant's motion to proceed using a pseudonym to protect privacy interests at risk from bringing action without affording the litigant a meaningful opportunity to be heard?

Given the significant public interest in the issues raised by this case, Appellant intends to file a motion for appointment of counsel.

_____

[1] This appears to be a matter for first impression in this Circuit

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2023, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Sixth Circuit via the electronic mail box designated for *pro se* filers:

CA06_Pro_Se_Efiling@ca6.uscourts.gov

Service will be made on the following through the CM/ECF system as well as electronic mail:

David A. Campbell, III (OH Attorney # 66494)
Lewis Brisbois Bisgaard & Smith, LLP
David.A.Campbell@lewisbrisbois.com


Donald Slezak (OH Attorney # 92422)
Lewis Brisbois Bisgaard & Smith, LLP
Donal.Slezak@lewisbrisbois.com

*John Koe*
_____
John Koe