# Case No. 22-3952

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JOHN KOE,

Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.

Defendants-Appellees.

_____

On Appeal From The United States District Court for the Northern District of Ohio
Case No. 1:22-cv-1455-DAP, Judge Dan Aaron Polster

---

## APPELLEES' OPPOSITION TO APPELLANT'S
## MOTION FOR RECONSIDERATION OF THE MAY 19, 2023
## ORDER REQUIRING PRE-PAYMENT OF APPELLATE FEES

---

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
1375 E. 9th Street, suite 2250
Cleveland, OH  44114
Telephone:  216-298-1262
Facsimile:   216-344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Appellee*

125660432.1

I.     **<u>INTRODUCTION</u>**

This Court issued its order (the "Order") which affirmed the United States District Court for the Northern District of Ohio's order denying Appellant John Koe ("Appellant") application to proceed *in forma pauperis* and certification that Appellant could not appeal the District Court's order in good faith pursuant to 28 U.S.C. § 1915. In doing so, this Court ordered Appellant to pay the required fee for his appeal (the "Appeal") by June 18, 2023.

However, rather than pay the fee required by this Court, Appellant filed the instant Motion for Reconsideration of the May 19, 2023 Order Requiring Pre-Payment of Appellate Fees (the "Motion"), presumably to further delay this matter and in an effort to avoid paying the fee by the June 18, 2023 deadline. Plaintiff's Motion, however, is nothing more than an attempt to relitigate his motion for pauper status (the "IFP Motion'), and should be denied for a variety of reasons.

First, Appellant cannot meet the standard for seeking reconsideration in this Court because he fails to identify any new evidence since the Order, has failed to show how this Court made a mistake of law, has failed to identify any change in authority controlling the issue set forth in the Order, and fails to provide any facts or argument to support that the Order is manifestly unjust. *See Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Accordingly, Appellant's Motion fails to satisfy the reconsideration standard and must be denied.

Thus, the Motion should be denied and Appellant should be forced to either pay the required fee by June 18, 2023 or face dismissal of his Appeal.

## II.     RELEVANT FACTS

### A.     Relevant Procedural Background.

This lawsuit arises out of Appellant's termination from a residency program on April 23, 2021. (ECF #1, pgs. 6 and 10-11). Appellant alleges that his termination from the residency program was due to either his sex or disability status. (ECF #1, pg. 4). Appellant filed the complaint anonymously under the pseudonym John Koe. (ECF #1, pg. 1). The Complaint contained a reference to a motion to proceed anonymously, but no motion for a protective order to proceed anonymously was filed with the District Court. (ECF # 1). Appellant also filed a motion to proceed in forma pauperis (ECF #2).

Appellees filed a motion to dismiss the Complaint. (ECF #3). Appellant did not oppose the motion to dismiss. (*See generally*, District Court docket).

Appellees also filed a motion for a protective order. (ECF # 5). The motion for a protective order sought to obtain a protective order due to the many inappropriate communications sent from Appellant to Appellees' officers and employees. (ECF # 5). On October 11, 2022, the District Court issued the Protective Order. (ECF # 6).

On October 13, 2022, the District Court issued its Dismissal Order. (ECF # 7). The Dismissal Order granted Appellee's motion to dismiss and denied Appellant's motion to proceed anonymously. (ECF # 7). Relevant to this Motion, the District Court's Dismissal Order dismissed Appellant's Complaint without prejudice. (ECF # 7 at 6). Indeed, the District Court's Dismissal Order did not terminate the action. (ECF # 7). Rather, the Dismissal Order merely dismissed the complaint to provide Appellant with the opportunity to file an amended complaint to cure the jurisdictional issue:

> "If Plaintiff wishes to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself."

(ECF # 7 at 6).

The Dismissal Order also certified that any appeal of the Dismissal Order could not be taken in good faith for purposes of proceeding *in forma pauperis* on appeal. (ECF # 7 at 6).

Appellant did not file a motion to reopen the case or other file an amended complaint identifying himself. (*See* District Court docket). Rather, Appellant filed a motion to alter or amend judgment and for reconsideration of the October 13, 2022 order dismissing plaintiff's action, the order denying plaintiff's request to proceed under a pseudonym, and the order entered on October 11, 2022 (the "Motion for

125660432.1                                    3

Reconsideration"). (ECF # 9).  The Court issued its Reconsideration Order on November 10, 2022, denying Plaintiff's Motion for Reconsideration. (ECF # 10).

### B.  **The Order.**

Despite the District Court's order, Appellant filed his IFP Motion on December 16, 2022.  The IFP Motion filed with this Court is a single page that states "see attached," which referenced the financial affidavit filed by Appellant.  Appellee cannot view the financial affidavit filed by Appellant due to the Court making the affidavit private; however, it is clear that Appellant's IFP Motion contains absolutely no facts, argument, or authorities that would permit this Court to disregard the District Court's 28 U.S.C. § 1915 certification.

On May 19, 2023, this Court issued its Order.  The Order is well-reasoned and discussed Plaintiff's IFP Motion and the District Court's order in detail, despite Appellant's IFP Motion containing a single sentence.  Importantly, this Court recognized the lack of evidence and argument presented by Appellant to both the District Court and to this Court in support of his request to proceed *in forma pauperis*:

> "Koe filed federal employment-discrimination and retaliation claims against his former employers.  Claiming that this lawsuit would require him to disclose information of the 'utmost intimacy' from his employer-mandated mental-health counseling sessions, Koe moved the district court to proceed under a pseudonym.  But because Koe has not specific the harm that would result from the disclosure of his identify or differentiated his case from cases brought

> by other persons with mental-health disabilities, the district court found that he had not overcome the presumption in favor of open judicial proceedings…Koe does not have a good faith argument that the district court erred in finding that he did not overcome the presumption in favor of open judicial proceedings.

(Order at 1-2).

Accordingly, the Court "reaffirms its decision and finds that the issues on which Plaintiff might seek review are frivolous" and, therefore, certified that Appellant's appeal was not taken in good faith. (Order at 2). Importantly, this Court has provided Appellant until June 18, 2023 to pay the required fee associated with his Appeal, or the Appeal will be dismissed. Appellant, however, filed his Motion on June 6, 2023, presumably in an effort to avoid having to pay the required fee by the June 18, 2023 deadline and, eventually, overall in this matter. For the reasons set forth herein, Appellant's Motion should be denied.

### III.  LAW AND ARGUMENT

#### A.  Standard of Review.

Fed. R. App. 27(b) and Sixth Circuit Court of Appeals Rule 27(g) governs motions to reconsider orders and judgments of this Court. As an initial matter, Sixth Circuit Court of Appeals Rule 27(g) applies only to judgments issued by this Court. As to Fed. R. App. 27(b), it applies only to "procedural orders."

A Court may only reconsider its prior order or judgment where (1) there is clear error of the law; (2) newly discovered evidence; (3) an intervening change in

controlling law; or (4) to prevent manifest injustice. *See Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "To constitute 'newly discovered evidence', the evidence must have been previously unavailable." *Id.*

Importantly, a motion for reconsideration "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "[T]he parties should not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgment issued." *Id.*

As set forth herein, Appellant's request to seek reconsideration of this Court's order denying him in forma pauperis status is not proper for a motion to reconsideration and, even it was, the Motion nonetheless fails as a matter of law.

### B.  Appellant Cannot Avoid Paying The Filing Fee Through This Motion.

Appellant has continuously failed to comply with the requirements for initiating his Complaint both in the District Court and in this Court. The District Court flatly rejected Appellant's meritless argument to proceed under a pseudonym and certified that Appellant could not appeal that decision in good faith for purposes of proceeding in forma pauperis on appeal. The District Court also permitted Appellant with the opportunity to refile his Complaint using his true name. However, Appellant declined to refile his Complaint in the District Court and, instead, proceeded with his current appeal using the same pseudonym and then moving this Court to permit him to nonetheless proceed on in forma pauperis status.

Importantly, this Court denied Appellant's motion and ordered Appellant to his filing fee no later than June 18, 2023. As set forth herein, Appellant's Motion is meritless and, even if it had merit, it should not be used as a vehicle to extend his deadline to pay the fee ordered by this Court. Accordingly, Appellant's Motion should be denied and this Court should dismiss Appellant's Appeal if Appellant does not comply with this Court's order to pay the filing fee by June 18, 2023.

### C.   Appellant's Motion Fails To Satisfy The Reconsideration Standard.

Appellant's Motion confirms that the District Court did not make a clear error of law or that there has been a change in law justifying reconsideration. In fact, Appellant concedes that denial of Appellant's request to proceed under a pseudonym was "ultimately lies in the sound discretion of the trial court":

> "The May 19, 2023 overlooks the fact, that while leave to proceed under a pseudonym ultimately lies in the sound discretion of a trial court, in this case the district court's sudden but not *sua sponte* decision to dismiss Koe's action under 28 U.S.C. § 1915(e) had the effect of denying Koe the opportunity to brief or argue the exceptional circumstances justifying leave to proceed under a pseudonym. Accordingly, the district court was without the occasion to fully and soundly consider the issue"

(Motion at 11-12).

Rather, Appellant appears to solely argue that this Court's order overlooked the "specific harm justifying his request for leave to proceed under a pseudonym." (Motion at 12).

In doing so, Appellant identifies case law that existed at the time of Appellant's IFP Motion and simply reasserts his arguments in the IFP Motion. (Motion at 13-14). Indeed, The Motion seeks to litigate Appellant's entire appeal, including the District Court's denial of his motion for reconsideration. (*See generally*, Motion.). Importantly, a motion for reconsideration "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "[T]he parties should not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgment issued." *Id* Accordingly, those issues are not at issue in the Court's order and are inappropriate for purposes of a motion for reconsideration. (Motion at 5-11).

Similarly, Appellant has not identified any new facts to support his Motion; rather, Appellant cites to the arguments he raised in the District Court and through his IFP Motion, including his affidavit attached thereto. (*See generally*, Motion).

Accordingly, Appellant's Motion confirms that this Court did not make a mistake of law, that there is no new evidence to consider, and that the law has not changed with respect to the issues raised in the Order. *See See Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

As to Appellant's argument that this Court missed case law or that somehow this Court's Order has resulted in manifest unjust, Appellant similarly relies on

existing case law to support this argument. (Motion at 14). More importantly, Appellant's reliance on *Doe v. Carson*, No. 19-1566, ECF # 26 (6th Cir. Jan. 18, 2020) is misplaced. First, this Court's Order specifically addressed Appellant's failure to meet his burden to proceed anonymously:

> "Koe filed federal employment-discrimination and retaliation claims against his former employers. Claiming that this lawsuit would require him to disclose information of the 'utmost intimacy' from his employer-mandated mental-health counseling sessions, Koe moved the district court to proceed under a pseudonym. But because Koe has not specific the harm that would result from the disclosure of his identify or differentiated his case from cases brought by other persons with mental-health disabilities, the district court found that he had not overcome the presumption in favor of open judicial proceedings…Koe does not have a good faith argument that the district court erred in finding that he did not overcome the presumption in favor of open judicial proceedings.

(Order at 1-2).

In contrast, the appellant in *Doe* filed a lengthy motion specifically addressing the reasons and arguments to maintain anonymity. *See Doe v. Carson*, No. 19-1566, ECF # 12 (6th Cir. Jan. 18, 2020). Appellant has not made such a showing before the District Court or before this Court and, accordingly, this Court's denial of the Appellant's IFP Motion was appropriate. Further, and importantly, this Court ultimately upheld the District Court's denial of *Doe's* motion to proceed anonymously and the dismissal of her complaint. *See Doe v. Carson*, No. 19-

1566/1714, 2020 U.S. App. LEXIS 14520 (6th Cir. May 6, 2020). Accordingly, the District Court did not error and this Court's Order was appropriate.

### D. Appellant's 28 U.S.C. § 1915 Argument Is Meritless.

Appellant's argument that conditioning appellate review on a fee is contrary to 28 U.S.C. § 1915 fails as a matter of law. (Motion at 16-17). Appellant has failed to provide any authority for this novel argument, and this argument is directly contrary to the certification requirement set forth in 28 U.S.C. § 1915. It is well-established that Appellate Courts routinely evaluate in forma pauper status in connection with the certification standard set forth in 28 U.S.C. § 1915, and deny *in forma pauperis* status when a plaintiff cannot satisfy the requirements. *See Watson v. Devlin*, 268 F.2d 211 (6th Cir. 1959); *see also Crawford v. Gajewski*, 261 F.2d 301 (6th Cir. 1958); *Gumm v. Jacobs*, No. 17-14458, 2019 U.S. App. LEXIS 178, *6-7 (11th Cir. Jan. 3, 2019) (requiring payment of fee to proceed on appeal). Accordingly, Appellant's meritless argument should be rejected and the Motion should be denied.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, this Court's Order was appropriate and Appellant's Motion should be denied and Plaintiff should be required to pay the filing fee for his appeal by June 18, 2023.

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
1375 E. 9th Street, suite 2250
Cleveland, OH 44114
Telephone: 216-298-1262
Facsimile:   216-344-9421
Email:David.a.campbell@lewisbrisbois.com
Donald.Slezak@lewisbrisbois.com

*Attorney for Appellees*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on this 19th day of June. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via e-mail and mail, upon the following:

John Koe
[NTC Pro Se]
P.O. Box 527
Novelty, OH 44072-0527
john@johnkoe.org

    /s/David A. Campbell
David A. Campbell (0066494)

*Attorney for Appellee*