**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

Case Number: 22-3952

Case Name: John Koe v. University Hospitals Health Systems, Inc.

Name: John Koe

Address: PO Box 527

City: Novelty   State: OH   Zip Code: 44072-0527

Email: john@johnkoe.org

**PRO SE APPELLANT'S BRIEF**

1. Did the District Court incorrectly decide the facts? **Not sure.**

The District Court did not have the occasion to decide the facts in the case because it dismissed the case for "lack of jurisdiction" during initial screening under 28 U.S.C. § 1915. Accordingly, the issues presented in this appeal all center around questions of law that the Court reviews *de novo*.

2. Do you think the District Court applied the wrong law? **Yes.**

If so, what law do you want applied?

---

Regarding the district court's erroneous conclusion with respect to "lack of jurisdiction":

> Article III of the Constitution and following the reasoning articulated in *B.R. v. F.C.S.B.*, No. *21-1005* (4th Cir. Nov. 2, 2021) where the Fourth Circuit declined to follow the decision in *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989)* characterizing the Tenth Circuit's language as a "drive-by jurisdictional ruling" which did not truly consider whether the use of a pseudonym deprives the court of power to hear the case per *Steel Co. v. Citizens for Better Env't, 523 U.S. 83* (1998).

Regarding the district court's improvident grant of defendant's requested order prohibiting Koe from communicating with other employees:

> The Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*; and

> The First Amendment of the Constitution and the well-established

jurisprudence regarding the need to carefully exercise restraint of inherent powers especially against the rights guaranteed under the First Amendment of the Constitution. *See e.g. Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981)(holding that a court limiting plaintiffs' communications including their efforts to make other employees aware of a lawsuit was an unconstitutional prior restraint on expression accorded First Amendment protection); *Gilliard v. McWilliams*, 315 F. Supp. 3d 402, 410 n.3 (D.D.C. 2018) (recognizing Rule 26(c) only affords power to regulate discovery and does not permit a court to purport to control the use and dissemination of information obtained through means other than discovery."); *The Courier-Journal v. Marshall, 828 F.2d 361, 364* (6th Cir. 1987) (upholding a protective order that "limit[ed] access only to specified fruits of discovery"); *In re Rafferty, 864 F.2d 151, 155 (D.C. Cir. 1988)* (protective order may not restrict party's use of information obtained before the litigation began);*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (party subject to protective order is not precluded from disseminating "protected" information that party obtained other than through discovery); *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 408 (2d Cir. 1963) (court may not

bar party from disseminating information obtained independent of discovery).

3. Do you feel that there are any other reasons why the Court's judgment was wrong? **Yes.**

---

The district court's (1) erroneous judgment dismissing Koe's action under 28 U.S.C. § 1915(e) based on its erroneous conclusion that it lacked jurisdiction and (2) refusal to vacate that judgment were prejudicial, had the effect of denying Koe his day in court and ability to have his case decided on its merits.

While the court dismissed the Koe's complaint and action "without prejudice" the effect of the dismissal arguably operated as one with prejudice because the 90-day period triggered by Koe's receipt of the EEOC's right-to-sue letter expired the day after filed he timely filed his complaint on August 15, 2022. The district court's judgment entered on October 13, 2023 dismissing Koe's action created room for argument that any amended complaint he refiled was untimely and did not relate back to his original filing. The district court's Order and Opinion dismissing Koe's action incorrectly implied that Koe did not commence his action under

Fed R. Civ. P. 3 when he filed his original complaint using a pseudonym. In short, the district court's dismissal left Koe facing an argument that his action was time-barred. Defendants previewed their argument that Koe would be time-barred if he re-filed and urged the district court to dismiss Koe's action with prejudice in their Motion to Dismiss filed on September 16, 2022.

 The district court's final decision with respect to Koe's motion to proceed under a pseudonym before the issue was fully briefed or argued deprived the district court of an occasion to carefully consider the issue and circumstances warranting leave. The district court's dismissal precluded development of the record and introduction of supporting evidence on the issue. Accordingly, the current record is insufficiently developed for appellate review and a determination that would be conclusive and final as to whether the circumstances and the balance of interests warrant granting Koe leave to proceed by pseudonym. As leave to proceed under a pseudonym ultimately lies within the sound discretion of the trial court, this issue best left for the district court to reconsider on remand with the benefit of additional facts and evidence as well as full briefing and argument by the parties.

4. What specific issues do you wish to raise on appeal?

---

With respect to the District Court's dismissal of Koe's action the issues are:

>Whether the district court erred in concluding that its decision to deny Koe leave to proceed under a pseudonym deprived the court of jurisdiction and dismissing Koe's action under 28 U.S.C. § 1915(e) as a result?

>Whether the district court erred in failing to specify for which the reasons enumerated under 28 U.S.C. § 1915(e) it was dismissing Koe's action?

>Alternatively, should this Court, in the interests of justice, remand the case for further proceedings so that Koe's action regarding employment discrimination and retaliation may be decided on its merits?

The issues presented with respect to the District Court's grant of the order prohibiting Koe from communicating with defendants in a suit related to the terms and conditions of employment:

> Whether the district court exceeded its authority in issuing the order enjoining Koe from communicating with Defendants' employees and affiliates when:
>
> (a) federal labor policy under the Norris-LaGuardia Act precludes district courts from issuing injunctive orders that restrain individual workers' exercise of the freedom of association or that otherwise interfere with the rights of workers to act for mutual aid or protection. 29 U.S.C. §§ 101, 102, 104.
>
> (b) district courts lack the power to grant injunctive relief in the context of a labor dispute without holding an evidentiary hearing, making specific findings of fact, and requiring a bond under the Norris-LaGuardia Act, 29 U.S.C. § 107.

    (c)    Rule 26(c) only affords district courts the power to regulate discovery for good cause, and does not permit a court to otherwise restrain or interfere with a party's exercise of rights guaranteed by the First Amendment.

Plaintiff-Appellant Koe contends the answer to all questions is "Yes."

5. What action do you want the Court of Appeals to take in this case?

    i.    Appoint Koe counsel or alternatively invite amici to file briefs so that the Court may benefit from competent briefing and argument on the important questions of law involved in this appeal.

    ii.    Vacate the district court's order restraining Koe from exercising his rights protected the federal labor policy under the Norris-LaGuardia Act as well as his rights guaranteed by First Amendment.

    iii.    Remand the case for further proceedings so that Koe's action regarding employment discrimination and retaliation may be decided on its merits, and on remand:

a. Direct the District Court to grant leave to file an amended complaint that will relate back to the original filing and to extend time for service of process.

b. Direct the District Court to reconsider and decide the issue of Koe's request for leave to proceed under a pseudonym after it has been fully briefed and argued by the parties.

c. Direct the District Court to appoint the plaintiff counsel pursuant to the authority under 28 U.S.C. § 1915 or 42 U.S.C. §2000e-(5)(f)(1) as a remedy tailored to check and deter the defendants and their counsel from further abuse of the court's processes.

I certify that a copy of this brief was filed with the Court and sent to opposing counsel via electronic mail on the 17th day of October, 2023.

Signature

*John Koe*
_____