**Case No. 22-3952**

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JOHN KOE,

Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.

Defendants-Appellees.

_____

On Appeal From The United States District Court for the Northern District of Ohio

Case No. 1:22-cv-1455-DAP, Judge Dan Aaron Polster

---

**APPELLEES' BRIEF**

---

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
1375 E. 9th Street, suite 2250
Cleveland, OH  44114
Telephone:  216-298-1262
Facsimile:    216-344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorney for Appellees*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF ORAL ARGUMENT ..................................................................... 1

I.   STATEMENT OF ISSUES ...................................................................... 1

II.  STATEMENT OF THE CASE ................................................................ 2

  A. The Complaint And Motion To Dismiss............................................ 4

  B. Appellees Filed The Motion For Protective Order To Stop Appellant From Continuously Harassing Appellees Through Highly Inappropriate Communications............................... 6

    1.  Appellant Has Abused The Legal System To Harass Appellees Through The Filing Of Dozens Of Frivolous And Unsuccessful Charges....................................... 6

    2.  The Number And Substance Of Appellant's Communications Since Filing The Complaint........................................................... 8

  C. The Dismissal Order And The Protective Order ........................... 12

  D. Rather Than Refile His Case And Proceed Under His True Name, Appellant Filed A Rule 59 Motion And Subsequently, This Appeal ........................ 14

  E. Appellant's Brief ............................................................. 14

III.  SUMMARY OF THE ARGUMENT ....................................... 16

IV.  ARGUMENT.......................................................................... 18

  A.  Standard Of Review ..................................................... 18

  B.  Appellant Has Waived His Appeal With Respect To The Reconsideration Order And 28 U.S.C. § 1915(a)(3) Certification....................................... 19

  C.  Appellant Concedes That The Complaint Should Be Dismissed For Lack Of Jurisdiction Due To *Garmon* Preemption............................ 20

  D.  The Dismissal Order Should Be Affirmed .......................... 21

    1.  The Sixth Circuit's Commencement Standard ............... 21

    2.  Appellant Failed To Timely Commence This Lawsuit ........... 24

    3.  The Complaint Was Also Properly Dismissed Because Appellant Could Not Meet The Anonymous Standard........................................... 26

  E.  The Protective Order Should Be Affirmed .......................... 27

    1.  Rule 26(c)(1).......................................................... 27

    2.  Good Cause Existed To Support The Protective Order.......... 28

V.  CONCLUSION.......................................................... 32

CERTIFICATE OF COMPLIANCE ......................................... 33

CERTIFICATE OF SERVICE ................................................. 34

ADDENDUM: DESIGNATION OF DOCUMENTS....................... 35

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*ACLU of Ky. V. McCreary Cty.*,
    607 F.3d 439 (6th Cir. 2010) .......................................................................... 19

*Amini v. Oberlin Coll.*,
    259 F.3d 493 (6th Cir. 2001) .......................................................................... 25

*Baize v. Phillip Morris, Inc.*,
    120 Fed. Appx. 576 (6th Cir. 2004) ................................................................ 21

*Barth v. Kaye*,
    178 F.R.D. 371 (N.D.N.Y. 1998) ..................................................................... 24

*Benford v. Frank*,
    943 F.2d 692 (6th Cir. 1991) .......................................................................... 25

*Bolden v. City of Euclid*,
    595 Fed. Appx. 464 (6th Cir. 2014) ................................................................ 19

*Citizens for a Strong Ohio v. Marsh*,
    123 Fed. Appx. 630 (6th Cir. 2005) ........................................... 17, 22, 23, 24

*Coleman v. American Red Cross*,
    979 F.2d 1135 (6th Cir. 1992) ........................................................................ 19

*Doe v. Carson*,
    No. 19-1566, 2020 U.S. App. LEXIS 14520 (6th Cir. May 6, 2020) ................ 26

*Doe v. Frank*,
    951 F.2d 320 (11th Cir. 1992) (*per curiam*) .................................................. 26

*Doe v. Husband*,
    CIVIL ACTION NO. 4:03cv166, 2004 U.S. Dist. LEXIS 28345 (E.D.Va.
    Aug. 10, 2004) ................................................................................................ 24

*Doe v. Porter*,
    370 F.3d 558 (6th Cir. 2004) .............................................................. 22, 26, 27

*Ericksen v. United States*,
    Case No. 17-1526, 2017 U.S. App. LEXIS 22511 (6th Cir. Sept. 12, 2017) ....... 23

*Gaines-Hanna v. Farmington Pub. Sch. Dist.*,
    No. 04-CV-74910, 2006 U.S. Dist. LEXIS 14885 (E.D. Mich. Mar. 31, 2006) ......... 31

*Jones v. Gobbs,*
    21 Fed. App'x 322 (6th Cir. 2001)............................................................ 18, 20

*Lockett v. Potter,*
    259 F. App'x 784 (6th Cir. 2008)...................................................................... 25

*M.A.C. v. Gildner,*
    853 F. Appx. 207 (10th Cir. 2021).................................................................... 24

*McFarland v. Henderson,*
    307 F.3d 402 (6th Cir. 2002)............................................................................ 25

*Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs,*
    886 F.2d 1240 (10th Cir. 1989)................................................................... 22, 23

*Nichols v. Muskingum College,*
    318 F.3d 674 (6th Cir. 2003)...................................................................... 18, 19

*Oklahoma v. Biden,*
    577 F.Supp.3d 1245 (W.D. Ok. 2021).............................................................. 22

*Parchman v. SLM Corp.,*
    896 F.3d 728 (6th Cir. 2018)............................................................................ 18

*Pittman v. Experian Info. Solutions, Inc.,*
    901 F.3d 619. (6th Cir. 2018).......................................................................... 19

*Qualls v. Rumsfeld,*
    228 F.R.D. 8 (D.D.C. 2005)............................................................................ 22

*Estate of Rodriquez v. Drummond Co., Inc.,*
    256 F.Supp. 2d 1250 (N.D. Ala. 2003)............................................................ 24

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,*
    599 F.2d 707 (5th Cir. 1979)............................................................................ 26

*San Diego Bldg. Trade Council v. Garmon,*
    359 U.S. 236 (1959)......................................................................... 16, 17, 20

*Silva v. Aspen,*
    No. 3:21-cv-689, 2022 U.S. Dist. LEXIS 68300 (M.D. Tenn. Apr. 13, 2022)................... 31

*Simkus v. United Airlines,*
    No. 13-cv-04388, 2015 U.S. Dist. LEXIS 26398 (N.D. Ill. Mar. 4, 2015)................... 28, 30

*Smolko v. Mapei Corp.,*
    No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090 (E.D. Ky. Feb. 10, 2022)................... 28, 30

*W.N.J. v. Yocom*,
257 F.3d 1171 (10th Cir. 2001) ..................................................................... 22, 24

*Waller v. Daimler Chrysler Corp.*,
391 F. Supp. 2d 594 ............................................................................................ 25

*Williams v. N.W. Airlines, Inc.*,
53 F. App'x 350 (6th Cir. 2002) ..................................................................... 25, 26

*Yao v. Oakland Univ.*,
No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428 (E.D. Mich. Jan. 20, 2022) ....... 28, 29, 30

**Statutes**

28 U.S.C. § 1915(a)(3) ................................................... 2, 4, 17, 18, 19, 20

42 U.S.C. § 2000e-5(e) ................................................................................ 25

42 U.S.C. § 2000e-5(e)(1) ........................................................................... 25

42 U.S.C. § 2000e-5(f)(1) ............................................................................ 25

ADA ............................................................................................................ 5, 25

Freedom of Information Act ............................................................................ 27

National Labor Relation Act .................................................................... 16, 20

National Labor Relations Act ......................................................................... 20

Norris-LaGuardia Act ............................................................................... 15, 21

Norris LaGuardia Act ................................................................................ 15, 21

**Court Rules**

Fed. App. Rule 32(a)(7)(A) and 6 .................................................................. 33

Fed. R. Civ. P. 10(a) ...................................................................................... 22

Fed. R. Civ. P. 26(c) ...................................................................................... 28

Federal Rules of Civil Procedure Rule 59 ....................................................... 2

Rule 3 ....................................................................................................... 21, 26

Rule 4.2 ............................................................................................... 10, 30, 31

Rule 26 ..................................................................................................... 12, 13

Rule 26(c)(1)............................................................................ 4, 12, 17, 27, 28, 29, 30

Rules 7 and 10........................................................................................................... 21

## STATEMENT OF ORAL ARGUMENT

Appellees University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Appellees") do not believe that oral argument is necessary or helpful for this Court to determine the merits of Appellant John Koe's ("Appellant") appeal (the "Appeal").

## I.     STATEMENT OF ISSUES

1.     Whether it was proper for the United States District Court (the "District Court") to issue a Memorandum Opinion and Order (the "Dismissal Order") granting Appellees' motion to dismiss (the "Motion to Dismiss") and thereby dismissing Appellant's Complaint for Employment Discrimination (the "Complaint") based on well-established Sixth Circuit precedent that prohibits a plaintiff from commencing an action anonymously without first seeking permission and approval from the court.

2.     Whether the District Court properly granted Appellees' Motion for a Protective Order Seeking an Order that Requires Appellant to Communicate Only with Appellees' Counsel of Record with Respect to this Litigation (the "Motion for Protective Order") and thereby issuing a Protective Order (the "Protective Order") following Appellant's highly inappropriate comments and communications to Appellees and Appellees' employees and faculty.

3.      Whether the District Court's certification in the Order pursuant to 28 U.S.C. § 1915(a)(3) that Appellant could not proceed *in forma pauperis* for purposes of an appeal was appropriate.

4.      Whether the District Court's Dismissal Order (the "Reconsideration Order") denying Appellant's motion for reconsideration (the "Motion for Reconsideration") is appropriate where Appellant failed to satisfy the requirements for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## II.    STATEMENT OF THE CASE

The Appeal seeks review of three orders issued by the District Court in *Koe v. University Hospitals Health System, Inc., et al.* (the "District Court Matter"): (1) the Dismissal Order; (2) the Protective Order; and (3) the Reconsideration Order.

Appellant is a former participant in Appellees' residency program. Over the past several years, Appellant has engaged in an ongoing attack against Appellees and Appellees' counsel that has included the filing of dozens of charges with the Ohio Civil Rights Commission, the Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, and the Department of Health and Human Services. The charges all arise out of the same issues and allegations set forth in this matter. Some of the charges have also named Appellees' in-house counsel and outside counsel signing this brief as respondents who have somehow engaged in unlawful activity toward Appellant. To date, no charge filed

by Appellant has been determined to have merit.  Rather, most have been dismissed and Appellant is currently in the process of appealing those dismissals.  One of the appeals – an appeal with the Ohio Civil Rights Commission – involved oral argument and a decision from the commission determining that Appellant's charge was without merit and that Appellant was not qualified to be a resident physician in Appellees' psychiatry residency program – an issue directly defeating the underlying claims in this matter.

Appellant has proceeded aggressively and by using his true name and identity throughout the charge process with the many different agencies.   However, Appellant commenced this lawsuit by filing the Complaint anonymously and then continuing his attack upon Appellees' officers, employees, and counsel with highly inappropriate, direct communications while the Complaint remained pending with the District Court.

Relevant to this Appeal, Appellees filed their Motion to Dismiss the Complaint on the grounds that Appellant failed to obtain approval from the District Court to proceed anonymously.  Appellees also filed a Motion for Protective Order to preclude Appellant from continuing in his highly inappropriate direct communications with Appellees' officers and employees.

The District Court issued its Protective Order first, granting Appellees' relief from Appellant's highly inappropriate conduct. The Protective Order was based upon Rule 26(c)(1) and firmly supported by the facts.

The District Court subsequently issued its Dismissal Order, properly determining that Appellant improperly commenced the Complaint anonymously, thereby divesting the District Court of jurisdiction, rendering dismissal appropriate. The District Court certified in the Dismissal Order that any appeal thereof could not be made in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Following the Dismissal Order and Protective Order, Appellant filed the Motion for Reconsideration. As set forth more fully herein, the Motion for Reconsideration failed to include any argument or evidence to support modifying the Dismissal Order or Protective Order and, therefore, the District Court properly denied the Motion for Reconsideration.

As set forth herein, the Dismissal Order, Protective Order, and Reconsideration Order should be affirmed.

### A.   **The Complaint And Motion To Dismiss**.

Appellant filed the Complaint on August 15, 2022. (Complaint, RE 1, PageID # 1). Attempting to proceed anonymously, Appellant clearly planned in advance of the filing because the Complaint includes a post office box and an anonymous email address. (*Id.*).

The Complaint alleges claims under Title VII and the ADA. (Complaint, RE 1, PageID # 3). Specifically, Appellant alleges Appellees discriminated against him based on his sex and disability. (Complaint, RE 1, PageID # 4). The Complaint alleges that Appellant filed a charge of discrimination prior to filing the Complaint, but the charge is not attached. (Complaint, RE 1, PageID # 12). The Complaint further alleges a right-to-sue letter was issued by the EEOC on May 17, 2022, but the right-to-sue letter is also not attached to the Complaint despite the fact the Court's standard form directs Appellant to attach the right to sue letter. (*Id.*). Because the sworn charge is not attached to the Complaint, it is impossible for Appellees to determine Appellant's sex, age, disability status or any other protected category. (*Id.*).

Based on the statement of facts, Appellant was a resident in a medical residency program associated with Case Western Reserve University. (Complaint, RE 1, PageID # 3 and 6). Although Appellant will not disclose his or her name, the Complaint identifies many other individuals who are associated with the residency program by name. (Complaint, RE 1, PageID # 7-12). The Complaint also provides specific facts regarding Appellant's medical license, dates of employment, type of specialty, and date of termination that any third party could identify Appellant's true identity without much effort. (Complaint, RE 1, PageID # 6-12).

Appellees filed a motion to dismiss the Complaint. (Motion To Dismiss, RE #3). The Motion to Dismiss sought to dismiss the Complaint on the grounds that Appellant failed to timely commence the lawsuit with the District Court and failed to follow the procedures with respect to seeking to file a complaint anonymously. (*Id.*). Appellant did not oppose the motion to dismiss. (*See generally*, District Court docket).

**B.** **Appellees Filed The Motion For Protective Order To Stop Appellant From Continuously Harassing Appellees Through Highly Inappropriate Communications.**

**1.** **Appellant Has Abused The Legal System To Harass Appellees Through The Filing Of Dozens Of Frivolous And Unsuccessful Charges.**

Before filing this lawsuit, Appellant filed numerous charges with state and federal agencies against Appellees. (Motion for Protective Order, RE 5, PageID # 42 and 54). Although proceeding anonymously in this lawsuit, Appellant did not file the charges anonymously; rather, he used his true identity. (*Id.*). Appellant aggressively pursued those charges by contacting Appellees' employees to discuss his claims, to discuss the employees' testimony, and to seek admissions in favor of Appellant. (*Id.*).

Many of Appellees' employees reported feeling harassed by Appellant's contacts. (Motion for Protective Order, RE 5, PageID # 42 and 54). As a result of

the employee complaints, on December 2, 2021, Appellees' counsel sent a cease and

desist letter to Appellant. (*Id.*).  Relevant to this matter, the letter stated:

> The purpose of this letter is to formally demand that you
> cease and desist your communications and contact with
> UH employees.  All employers have a duty under federal
> and state occupational safety and health statutes, as well
> as under the common law, to provide a safe workplace.
> Employers also have a common law duty to exercise
> reasonable care to avoid the risk of injury to third parties.
> This letter lays out the many attempts that UH has taken
> to permit you to obtain information from UH, but to
> protect UH employees from your harassment.  However,
> those attempts have failed and this letter serves as formal
> notice that if you don't comply with the terms of this letter
> that UH will have no choice but to initiate court
> proceedings to enjoin you from further contact with UH or
> its employees.

(Motion for Protective Order, RE 5, PageID # 42 and 58-63).

The cease and desist letter did not stop Appellant's direct communications to

Appellees' employees.  (Motion for Protective Order, RE 5, PageID # 42 and **25**).

To the contrary, Appellant filed multiple charges arising out of the letter and

increased his contacts with Appellees' employees.  (Motion for Protective Order, RE

5, PageID # 42 and 56).  In fact, Appellant has taken direct actions to attempt to

damage Appellees' residency program since the cease and desist letter was issued.

(Motion for Protective Order, RE 5, PageID # 42 and 56).  On one occasion, days

before medical students ranked residency programs for matching, Appellant posted

a false and disparaging statement on social media anonymously that included

Appellant's charges that clearly identified him. (Motion for Protective Order, RE 5, PageID # 42 and 56). The posting was clearly intended to negatively impact the residency program's ranking by medical students. (Motion for Protective Order, RE 5, PageID # 42 and 56).

Most recently, the residency program participated in a Midwest Zoom recruiting conference where residents were supposed to move from Zoom room to room after spending thirty minutes with selected residency program. (Motion for Protective Order, RE 5, PageID # 42 and 56). Incredibly, Appellant attended the conference under his true identity and proceeded to remain in Appellees' zoom room for the entire program. (Motion for Protective Order, RE 5, PageID # 42 and 56). Appellant's attendance in the same zoom room for the length of the program was clearly meant to intimidate and frustrate the presenter who, in this instance, was Appellant's Program Director while he was participating in Appellees' residency program. (Motion for Protective Order, RE 5, PageID # 42 and 56).

## 2. The Number And Substance Of Appellant's Communications Since Filing The Complaint.

Since the filing of Appellees' Motion to Dismiss with the District Court and the issuance of the Dismissal Order, the District Court was advised that Appellant had communicated with Appellees regarding this lawsuit as follows: (1) eighteen emails under Appellant's normal email address that were sent to both of Appellees' counsel of record that are copied to Appellees' Chief Legal Officer; (2) four emails

sent to only one of Appellees' counsel of record with a copy to Appellees' Chief Legal Officer; (3) two emails to Appellees' counsel of record copying Appellees' Chief Legal Officer via the anonymous email listed on the Complaint; and (4) an unknown number of emails, phone calls and texts directly to Appellees' employees without a copy to Appellees' counsel of record. (Motion for Protective Order, RE 5, PageID # 42 and 53).

The emails sent by Appellant are inappropriate. (Motion for Protective Order, RE 5, PageID # 42, 54, and 68-93). For example, Appellant sent a snide email directly to one of Appellees' employees attacking the employee's grammar usage, suggesting an article on "professional development", and making a comment that the alleged grammatical issue was the result of sleep deprivation: "I recall you were very sleep deprived and stressed at the time…" (*Id.*).

Another email from Appellant directly to one of Appellees' employees was sent to intimidate the employee regarding individual liability under Ohio law, encourage the employee to distance himself from Appellees' legal representation, and suggested that the employee obtain individual counsel:

> "Please be aware that the hospital legal team or their outside counsel does not represent you barring explicit approval from the Board of Directors…as it appears some people are under the impression that Ohio law did away with individual liability in employment law and the OCRC is not updated online, you should read HB 352 from last session noting very carefully the remarks about

> Genaro…Highly suggest reviewing with your own attorney."

(Motion for Protective Order, RE 5, PageID # 42, 54, and 68-93).

Appellant's emails also directly attack Appellees' counsel, David Campbell, accusing him of fraud, discrimination, and other false conduct. (Motion for Protective Order, RE 5, PageID # 42, 54-55, and 68-93). For example, Appellant stated the following about Mr. Campbell in an email sent directly to UHHS' Chief Legal Officer:

> "note my sympathy to the issue regarding a subjective statement that could bind UH by an individual [David Campbell] who has exhibited discriminatory animus; also note my explicitly identification of the fraudulently altered documents), I am, unlike Mr. Campbell, not bound strictly by the Rules of Professional Conduct (e.g. Rule 4.2)."

(Motion for Protective Order, RE 5, PageID # 42, 55, and 68-93).

Appellant's comments were clearly meant to drive a wedge between Mr. Campbell and Appellees in an effort to have Appellees replace Mr. Campbell as counsel in this matter:

> "The fact that Mr. Campbell is personally implicated presents a substantial conflict of interest or at the very least the appearance of a conflict of interest. While it is not my place to second guess UH's business judgment in terms of its desired legal representation, I maintain that Mr. Campbell's continued involvement is at the very least prejudicial [to] UH's interests and efficient resolution in this matter. Please identify an alternative contact for UH given the need to contact UH directly."

(Motion for Protective Order, RE 5, PageID # 42, 55, and 68-93).

Indeed, Appellant has gone so far as to threaten UHHS' Chief Legal Officer, legal team, and UHCMC staff that Mr. Campbell's involvement in this lawsuit is grounds for additional discrimination and retaliation claims:

> "Would it really serve to effect the purpose of the laws that protected civil rights if Employers or Covered Entities were free to act with impunity by hire a dirtbag attorney to retaliate on their behalf."

(Motion for Protective Order, RE 5, PageID # 42, 55, and 68-93).

Appellant's conduct is inappropriate, insulting, malicious, and, at times, has suggested that Mr. Campbell's continued involvement in this matter will result in further inappropriate conduct from Appellant: "*So come on and chickity-check yo' self before you wreck yo' self.*" (emphasis in original); "Play stupid games, win stupid prizes appears to be apropos." (Motion for Protective Order, RE 5, PageID # 42, 56, and 68-93).

Prior to filing the Motion for Protective Order, Appellees' counsel emailed Appellant and asked him to only communicate with Appellees' counsel of record regarding the lawsuit.  (Motion for Protective Order, RE 5, PageID # 42 and 53). Appellant refused the request and threatened to file disciplinary charges against Appellees' counsel of record.  (Motion for Protective Order, RE 5, PageID # 42 and 53 and 58-63).

Due to the highly inappropriate communications of Appellant and left with no other options to protect their employees from Appellant's harassing behavior,

Appellees filed the Motion for Protective Order on October 10, 2022. (Motion for Protective Order, RE 5). The motion for a protective order sought to obtain a protective order due to the many inappropriate communications sent from Appellant to Appellees' officers and employees. (*Id.*).

### C.    <u>The Dismissal Order And The Protective Order</u>.

The District Court issued the Protective Order on October 11, 2022. (Protective Order, RE 6). The Protective Order was based upon the evidence presented by Appellees in the Motion for Protective Order and the attached declaration of counsel. (*Id.*, PageID # 94). The District Court relied upon Civ. R. 26(c)(1) to issue the Protective Order, as "[Rule 26] permits a court to 'issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" (*Id.*).

Ultimately, the District Court determined that Appellees' conduct warranted a protective order pursuant to Rule 26:

> "Defendants have presented sufficient facts and evidence in both the Motion and the declaration of David Campbell attached thereto, demonstrating consistent and routine inappropriate communications from *pro se* Plaintiff John Koe directly to various employees of Defendants. Such direct communications support a Rule 26(c)(1) protective order in favor of Defendants."

(*Id.*, PageID # 95).

Based on this determination, the District Court issued an order which "(1) prohibits *pro se* Plaintiff John Koe from communicating directly with Defendants' officers, Defendants' employees, and Defendants' affiliates; and (2) ordering *pro se* Plaintiff John Koe to direct all communications to Defendants' counsel of record. (*Id.*).

On October 13, 2022, the District Court issued the Dismissal Order. (Dismissal Order, RE 7). The Dismissal Order granted Appellee's motion to dismiss and denied Appellant's motion to proceed anonymously. (ECF # 7). Relevant to this Motion, the District Court's Dismissal Order dismissed Appellant's Complaint without prejudice. (ECF # 7 at 6). Indeed, the District Court's Dismissal Order did not terminate the action. (ECF # 7). Rather, the Dismissal Order merely dismissed the complaint to provide Appellant with the opportunity to file an amended complaint to cure the jurisdictional issue:

> "If Plaintiff wishes to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself."

(ECF # 7 at 6).

The Dismissal Order also certified that any appeal of the Dismissal Order could not be taken in good faith for purposes of proceeding *in forma pauperis* on appeal. (ECF # 7 at 6).

**D.    Rather Than Refile His Case And Proceed Under His True Name, Appellant Filed A Rule 59 Motion And Subsequently, This Appeal.**

Appellant did not file a motion to reopen the case or otherwise file an amended complaint identifying himself. (*See* District Court docket). Rather, Appellant filed the Motion for Reconsideration. (Motion for Reconsideration, RE 9). The Motion for Reconsideration addressed the Court's Dismissal Order and Protective Order. (*Id.*). Appellant's Motion for Reconsideration presented new arguments and allegations that were not addressed with the District Court in response to the Motion to Dismiss or the Motion for Protective Order. (*Id.*). Indeed, the Motion for Reconsideration was simply an attempt to relitigate his Complaint with the District Court – it did not identify any reason supporting relief from judgment. (*Id.*).

On November 10, 2022, the District Court issued its Reconsideration Order denying Appellant's motion. (Reconsideration Order, RE 10). Importantly, the Court recognized Appellant's faulty Motion for Reconsideration as simply a second chance to litigate his Complaint and, therefore, held that "Plaintiff's motion fails to demonstrate any of the above circumstances that would warrant altering the Court's judgment granting the protective order or dismissing his complaint." (Reconsideration Order, RE 10, PageID # 126).

**E.    Appellant's Brief.**

Appellant filed the Appellant Brief on October 17, 2023. (ECF # 27). The Appellant Brief is a mere nine pages in length. (*Id.*). In the Appellant Brief,

Appellant concedes that he does not have evidence or argument supporting any finding that the District Court misapplied the facts at issue in the Dismissal Order, Protective Order, or Reconsideration Order. (Appellant Brief at 1).

As to argument, Appellant raises three issues. First, as to the Dismissal Order, Appellant argues that the District Court's dismissal without prejudice was, in fact, a dismissal with prejudice because Appellees could hypothetically file a motion to dismiss based upon the argument that any refiled complaint would be time-barred. (Appellant Brief at 4).

Second, as to the Protective Order, Appellant concedes that the District Court does not have jurisdiction over the Complaint. (Appellant's Brief at 7). Specifically, Appellant concedes that his Complaint involved a "labor dispute" and that "district courts lack the power to grant injunctive relief in the context of a labor dispute" without first complying with the Norris-LaGuardia Act. (Appellant's Brief at 7). In fact, Appellant alleges in the Motion for Reconsideration that "this case arises from a labor dispute and plaintiff is a person participating or interested in the labor as defined by the Norris LaGuardia Act." (Motion for Reconsideration, RE 9, PageID # 117). Indeed, Appellant's Complaint includes many citations to ongoing labor disputes and seeks the District Court to provide relief on behalf of a group of employees in "concert." (Complaint, RE 1, PageID # 13).

Finally, Appellant argues that the District Court's granting of the Protective Order without opposition from Appellant was somehow an abuse of discretion. (Appellant's Brief at 5).

Appellant does not present any argument with respect to the Reconsideration Order or the District Court's certification in the Dismissal Order that Appellant could not proceed on appeal *in forma pauperis* in good faith. (*See generally*, Appellant's Brief).

## III.  <u>SUMMARY OF THE ARGUMENT</u>

As set forth above, this Appeal seeks review of the following three orders issued by the District Court: (1) the Dismissal Order; (2) the Protective Order; and (3) the Reconsideration Order.  All three orders should be affirmed.

As an initial matter, Appellant concedes in the Appellant Brief that this matter arises out of a labor dispute concerning an alleged unfair labor practice and concerted activities.  It is the well-established principle that "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relation Act], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board…" *San Diego Bldg. Trade Council v. Garmon*, 359 U.S. 236, 245 (1959).  Accordingly, Appellant's Complaint is preempted by *Garmon* and must be dismissed for lack of jurisdiction.

Assuming, *arguendo*, that *Garmon* Preemption does not apply, the Appeal nonetheless fails on the merits.

As to the Dismissal Order, it is reviewed *de novo* by this Court. Appellant filed his Complaint anonymously and without first seeking or obtaining a protective order from the District Court to do so. Appellant has also filed this Appeal using a pseudonym and has not sought a protective order from this Court to do so. Importantly, where an Appellant fails to obtain permission to proceed anonymously with the District Court or otherwise comply with the filing requirements pertaining to a true identity, any appeal therefrom must be dismissed for lack of jurisdiction. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case…"). Accordingly, the Dismissal Order was appropriate and the District Court's certification pursuant to 28 U.S.C. § 1915(a)(3) should be affirmed.

As to the Protective Order, it is reviewed under an abuse of discretion review. The District Court issued the Protective Order relying upon Fed. R. Civ. P. 26(c)(1). The Protective Order is supported by evidence establishing that Appellant was engaging in highly inappropriate direct communications with Appellees' officers and employees while the District Court Matter remained pending. The District Court's Protective Order was appropriate and supported by the facts. Appellant has

failed to present any evidence that the Protective Order was the result of an abuse of discretion by the District Court and, therefore, the Protective Order should be affirmed.

Finally, Appellant fails to raise any arguments concerning the Reconsideration Order and the District Court's 28 U.S.C. § 1915(a)(3) certification. Accordingly, Appellant has waived these issues on appeal. *See Jones v. Gobbs*, 21 Fed. App'x 322, 323 (6th Cir. 2001).

Therefore, the Dismissal Order, Protective Order, and Reconsideration Order should be affirmed and this matter be dismissed.

## IV.  <u>ARGUMENT</u>

### A.  <u>Standard Of Review</u>.

Appellant does not address or otherwise apply a standard of review in the Appellant Brief. Appellant raises several different issues all with different standards of review. As to the District Court's Dismissal Order, appellate courts review dismissals for lack of jurisdiction *de novo. See Parchman v. SLM Corp.*, 896 F.3d 728, 734 (6th Cir. 2018); *see also Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). The plaintiff bears the burden of establishing the court's jurisdiction when faced with a motion to dismiss for lack of jurisdiction. *See Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). The Court may consider

the pleadings and evidence outside of the pleadings in determining whether jurisdiction exists for purposes of a matter. *Id.*

As to the Protective Order and the Reconsideration Order appellate courts review such decisions under the higher abuse of discretion standard. *See ACLU of Ky. V. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010); *see also Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992). A district court's order will be reversed under the abuse of discretion standard *only* if the appellate court finds that the district court relied upon clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 640. (6th Cir. 2018).

**B.** **Appellant Has Waived His Appeal With Respect To The Reconsideration Order And 28 U.S.C. § 1915(a)(3) Certification.**

"In order to preserve appellate review of an issue, a party is required to address the issue in the appellate briefing." *Bolden v. City of Euclid*, 595 Fed. Appx. 464, 467 (6th Cir. 2014). Importantly, a party who fails to argue an issue in their brief waives the issue on appeal. *Id.*

As set forth above, Appellant failed to address or otherwise present argument concerning the Reconsideration Order and the District Court's certification pursuant to 28 U.S.C. § 1915(a)(3). Accordingly, Appellant has waived these issues on appeal and this Court should uphold the District Court's decision. *See Bolden v. City of Euclid*, 595 Fed. Appx. 464, 467 (6th Cir. 2014).

Assuming, *arguendo*, that Appellant has not waived these issues – which he has – these issues nonetheless fail on appeal.  First, as to 28 U.S.C. § 1915(a)(3), Appellant fails to provide any authority that this issue an issue that may be appealed from a district court, and Appellee is unaware of such authority.

Second, as to the Reconsideration Order, the Motion for Reconsideration fails to address or otherwise provide any argument or facts showing that the Dismissal Order and Protective Order were the results of clear errors of law, an intervening change in the law, newly discovered evidence, or a showing of manifest injustice. *See Jones v. Gobbs*, 21 Fed. App'x 322, 323 (6th Cir. 2001).  The District Court properly made this determination and correctly ruled that Appellant's Motion for Reconsideration was nothing more than a second chance at relitigating this matter. Accordingly, the Reconsideration Order should be affirmed.

### C.    Appellant Concedes That The Complaint Should Be Dismissed For Lack Of Jurisdiction Due To *Garmon* Preemption.

*Garmon* preemption is the well-established principle that "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relation Act], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board…" *San Diego Bldg. Trade Council v. Garmon*, 359 U.S. 236, 245 (1959).  Indeed, courts within the Sixth Circuit routinely dismiss matters for lack of subject matter jurisdiction where the underlying claims involve an alleged unfair labor practice, concerted activity, or are otherwise governed by the National

Labor Relations Act. *See Baize v. Phillip Morris, Inc.*, 120 Fed. Appx. 576, 580 (6th Cir. 2004).

Here, Appellant concedes that his Complaint involved a "labor dispute" and that "district courts lack the power to grant injunctive relief in the context of a labor dispute" without first complying with the Norris-LaGuardia Act. (Appellant's Brief at 7).   In fact, Appellant alleges in the Motion for Reconsideration that "this case arises from a labor dispute and plaintiff is a person participating or interested in the labor as defined by the Norris LaGuardia Act." (Motion for Reconsideration, RE 9, PageID # 117).   Indeed, Appellant's Complaint includes many citations to ongoing labor disputes and seeks the District Court to provide relief on behalf of a group of employees in "concert." (Complaint, RE 1, PageID # 13).

Appellant fails to raise any evidence or argument that his Complaint can somehow survive full preemption.   Accordingly, Appellant concedes that jurisdiction with the District Court is inappropriate and this Appellate Court should affirm the Dismissal Order.

### D.     <u>The Dismissal Order Should Be Affirmed.</u>

### 1.     The Sixth Circuit's Commencement Standard.

Pursuant to Rule 3, an action is commenced "by filing a complaint with the court." Fed. R. Civ. P. 3.   To be a valid complaint that complies with Rules 7 and 10, "[t]he title of the complaint must name all the parties; the title of other pleadings,

after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Courts have uniformly established that "it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). The Tenth Circuit Court of Appeals has long held that a plaintiff must make a "request to the district court for permission to proceed anonymously." *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). The Tenth Circuit has further held that "[a]bsent permission, the district court lacks 'jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Oklahoma v. Biden*, 577 F.Supp.3d 1245, 1251-1252 (W.D. Ok. 2021) (citing W.N.J. v. Yocum, 257 F.3d 1171, 1172-1173 (10th Cir. 2001)).

In *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. Jan. 3, 2005), the Sixth Circuit adopted the Tenth Circuit's longstanding anonymous pleading standard set forth in *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). *Marsh*, 123 Fed. Appx. at 637. The *Marsh* lawsuit was filed by two named plaintiffs and "various anonymous parties." *Id.* at 631. Relevant to this Brief, the district court in *Marsh* granted a motion to dismiss the claims asserted by the anonymous parties. *Id.* On appeal, the

*Marsh* court affirmed the dismissal of the claims asserted by the anonymous parties. *Id.*

The *Marsh* court's analysis is equally applicable to this case. *Id.* at 636-637. The *Marsh* court reasoned that permitting a John Doe to assert such a claim may permit a party to find an "easy way" to circumvent legal standards that are applicable to identified plaintiffs. *Id.* at 636. The Court further reasoned that "[o]rdinaily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Id.* More importantly, "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case. . . ." *Id.* The Court finally held, based on the Tenth Circuit's holding in *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), that a "'federal court[] lack[s] jurisdiction over the unnamed parties'" because the anonymous plaintiff did not "commenc[e]" the lawsuit. *Marsh*, 123 Fed. Appx. at 637 (*citing Gibbs*, 886 F.2d at 1245 (10th Cir. 1989)).

More recently, in *Ericksen v. United States*, Case No. 17-1526, 2017 U.S. App. LEXIS 22511 *2 (6th Cir. Sept. 12, 2017), the Sixth Circuit again reaffirmed its prior holding that the "'[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case . . . .'" *Id.* at *2 (*quoting Marsh*, 123 F. Appx. at 637)). In addition, numerous federal courts have dismissed anonymously filed complaints based on the Tenth Circuit's analysis that has been adopted by the

*Marsh* court. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172-1173 (10th Cir. 2001) (finding no jurisdiction where plaintiffs did not obtain district court's permission to proceed using initials); *M.A.C. v. Gildner*, 853 F. Appx. 207 (10th Cir. 2021) (explaining that this holding "is still the law of the circuit" and affirming the district court's sua sponte dismissal for lack of subject-matter jurisdiction where a plaintiff did not seek leave to proceed anonymously); *Barth v. Kaye*, 178 F.R.D. 371, 376 (N.D.N.Y. 1998) (refusing to allow plaintiff to proceed anonymously where plaintiff, "failed to even request the privilege of proceeding anonymously, let alone make a showing that his factual situation warrants this special treatment"); *Estate of Rodriquez v. Drummond Co., Inc.*, 256 F.Supp. 2d 1250 (N.D. Ala. 2003) (holding that court lacked jurisdiction over unnamed plaintiffs who did not seek leave to proceed anonymously before employing pseudonyms); *Doe v. Husband*, CIVIL ACTION NO. 4:03cv166, 2004 U.S. Dist. LEXIS 28345 *19 (E.D.Va. Aug. 10, 2004) ("the Court notes that jurisdictional problems arise when a plaintiff attempts to proceed anonymously without filing a request with the Court to do so").

## 2. Appellant Failed To Timely Commence This Lawsuit.

The *Marsh* court's analysis is equally applicable to this matter. The Complaint in this matter was filed by a pro se plaintiff seeking to proceed anonymously. However, as in *Marsh*, Appellant failed to obtain permission from the District Court before proceeding anonymously. Accordingly, the District Court

lacked jurisdiction over the Complaint because Appellant had not yet commenced an action against Appellees and, therefore, the Complaint was properly dismissed.

The commencement date is critical in this matter because a plaintiff must exhaust his administrative remedies as "a precondition" to filing a Title VII or ADA lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (*citing McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 692, 612 (6th Cir. 1991)); *Waller v. Daimler Chrysler Corp.*, 391 F. Supp. 2d 594, 598 (E.D. Mich. 2005 (administrative requirements apply to ADA claims). Before filing a discrimination lawsuit, a plaintiff must first file a timely administrative charge with the EEOC. *Williams v. N.W. Airlines, Inc.*, 53 F. App'x 350, 351-52 (6th Cir. 2002) (*citing* 42 U.S.C. § 2000e-5(e)). If the alleged unlawful practice occurred in a "deferral" state, such as Ohio, the plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (*quoting* 42 U.S.C. § 2000e-5(e)(1)). Once the EEOC dismisses a charge and issues a notice-of-right-to-sue, the plaintiff has 90 days to file a civil action. *N.W. Airlines, Inc.*, 53 F. App'x at 351 (citing 42 U.S.C. § 2000e-5(f)(1)). It is appropriate to dismiss a Title VII action for failure to timely exhaust administrative remedies. *Id.* at 352.

The right-to-sue letter, as alleged by Appellant, was issued on May 17, 2022. Based on the date of the right-to-sue letter, Appellant's Complaint needed to be

commenced the week of August 15, 2022. However, Appellant's anonymous filing did not meet the Rule 3 standard. Accordingly, the Complaint failed as a matter of law and the District Court's Dismissal Order was appropriate. *See N.W. Airlines, Inc.*, 53 F. App'x at 351.

### 3.     The Complaint Was Also Properly Dismissed Because Appellant Could Not Meet The Anonymous Standard.

In order to leave no doubt that Appellant's filing was inappropriate, Appellees will address the standard for proceeding anonymously in a federal court lawsuit. Generally, "it is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Carson*, No. 19-1566, 2020 U.S. App. LEXIS 14520, at *4-5 (6th Cir. May 6, 2020) (*citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (*per curiam*)). Federal courts have permitted plaintiffs to proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-713 (5th Cir. 1979)) (various citations).

In *Porter,* the Sixth Circuit set forth four factors for a district court to consider when faced with a plaintiff seeking to proceed anonymously:  (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2)

whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Porter*, 370 F.3d at 560.

In this matter, Appellant is asserting employment claims and he previously filed a charge of discrimination which would be subject to disclosure through a freedom of information act request. Appellant is not a child, and he is not challenging government activity. Rather, Appellant is a physician with a public license who is asserting run-of-the-mill employment claims. Moreover, Appellant's Complaint provides many factual allegations which make it easy for any reader to identify Appellant's identify. Finally, the Complaint provides many details and, therefore, this litigation will not entail Appellant disclosing any facts of utmost intimacy. Accordingly, even if Appellant properly filed a motion to proceed anonymously, Appellant cannot meet the Sixth Circuit standards for proceeding in such a fashion. Therefore, the District Court's Dismissal Order should be affirmed.

## E.    The Protective Order Should Be Affirmed.

### 1.    Rule 26(c)(1).

As set forth above, the District Court's Protective Order is analyzed by this Court using the higher abuse of discretion standard.

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022). A court will find good cause for the order upon the moving party demonstrating the facts underlying the need for the order. *See Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022).

Courts within the Sixth Circuit and other Federal Circuits have issued protective orders pursuant to Rule 26(c)(1) to prohibit *pro se* plaintiffs from communicating directly with defendants or other parties to a lawsuit. *See, e.g.*, *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022); *see also Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022); *Simkus v. United Airlines*, No. 13-cv-04388, 2015 U.S. Dist. LEXIS 26398, *2-3 (N.D. Ill. Mar. 4, 2015).

## 2.      Good Cause Existed To Support The Protective Order.

The District Court's Protective Order pursuant to Rule 26(c)(1) was appropriate due to Appellant's continuous inappropriate, direct communications with Appellees' officers and employees.   Most relevant to this brief, the district court in *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428 (E.D. Mich. Jan. 20, 2022), recently enacted such a protective order because the *Yao*

court found that "it is best practice for pro se plaintiffs to communicate directly with opposing counsel rather than with defendants." *Id.* at *3. The court found that such a practice "promotes efficiency, avoids potential annoyance, confusion, undue burden, or harassment toward defendants, and prevents inappropriate communications between the parties." *Id.*

In this matter, Appellant is a physician and he most certainly can effectively prosecute this lawsuit through communications with counsel. However, as demonstrated in the attached declaration, Appellant has partaken in a prolonged attack on Appellees and Appellees' employees. The conduct resulted in a cease and desist letter being issued to Appellant, but he refused to abide by the request. Rather, Appellant continued to communicate directly with Appellees' employees via email, text and phone.

Once this lawsuit was filed, Appellant moved to copying Appellees' Chief Legal Officer on all communications that were sent to Appellees' counsel of record. However, when he desires, Appellant continued to communicate directly with Appellees' employees on facts relevant to this lawsuit. Appellant is no longer in Appellees' residency program, but Appellant continued his contacts with Appellees' employees.

As set forth previously herein, Federal Courts – including the courts within the Sixth Circuit – issue protective orders pursuant to Rule 26(c)(1) of the Federal

Rules of Civil Procedure to prohibit *pro se* plaintiffs from communicating directly with parties to a lawsuit. Consistent with the decision in *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022), the United States District Court for the Eastern District of Kentucky issued a similar order in *Smolko v. Mapei Corp.*, No. 6:21-cv-25, 2022 U.S. Dist. LEXIS 44090, *8 (E.D. Ky. Feb. 10, 2022). There, the Eastern District of Kentucky ordered a *pro se* plaintiff from communicating directly with the defendant's employees and from serving discovery requests directly to the defendant's employees. *Id.* at *8.

Similarly, the court in *Simkus v. United Airlines*, No. 13-cv-04388, 2015 U.S. Dist. LEXIS 26398, *2-3 (N.D. Ill. Mar. 4, 2015), issued a protective order pursuant to Rule 26(c)(1), holding that " a former employee suing his former employer pro se should not communicate with that party about the litigation other than through counsel." *Id.* at *2.

Although issuing the aforementioned protective orders under Rule 26(c)(1), the courts in *Yao, Smolko*, and *Simko* each firmly held that *pro se* plaintiffs must abide by Rule 4.2 of the district's respective rules of professional conduct, which preclude attorneys from communicating directly with parties represented by counsel. Indeed, the courts within the Sixth Circuit hold that:

> "[a]lthough a plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct, in her capacity as a *pro se* plaintiff she is nevertheless required from directly contacting the named defendants in

accordance with Rule 4.2."

*Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 04-CV-74910, 2006 U.S. Dist. LEXIS 14885, *6-7 (E.D. Mich. Mar. 31, 2006).

Appellant's direct communications with Appellees' officers and employees clearly violate Rule 4.2 of the Ohio Rules of Professional Conduct and warrant the issuance of a protective order.

Finally, the United States District Court for the Middle District of Tennessee addressed facts strikingly similar to this matter. *See Silva v. Aspen*, No. 3:21-cv-689, 2022 U.S. Dist. LEXIS 68300 (M.D. Tenn. Apr. 13, 2022). In *Silva*, the court addressed the many lawsuits filed by *pro se* Plaintiff Silva against various individuals in various forums arising out of claims related to Taylor Swift. *Id.* In so doing, the court discussed the protective order issued to Silva in a related federal court litigation, which ordered the plaintiff:

> "not to communicate with defendant or affiliated companies, agents, or related individuals and, if such communication was necessary, contact shall only be made in writing through defendant's counsel, and any communications shall not contain any inappropriate statements, threats of any kind, or insults…"

*Id.* at n. 4.

Appellant's tactics are similar to the tactics in *Silva*. Appellant has filed numerous state and federal charges and he has pursued these charges relentlessly. While proceeding anonymously in this lawsuit, Appellant has communicated

directly with Appellees' employees under his true identity. Finally, it is evidently clear that Appellant's desire is to damage Appellees; not to remedy any alleged wrongs. Appellant's conduct is intentional and designed to increase litigation costs and to cause maximum disruption within the hospital.

Appellant fails to identify any facts or authority to support any finding that the District Court relied upon clearly erroneous findings of fact, or that it improperly applied the law or used an erroneous legal standard. Accordingly, the District Court did not abuse its discretion in issuing the Protective Order.

## V.    <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, the District Court properly dismissed Appellant's Complaint and issued the Protective Order and Reconsideration Order. Therefore, the Dismissal Order, Protective Order, and Reconsideration Order are proper and should be affirmed and this matter concluded.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Appellees certify that this Brief contains 7,233 words, excluding the Table of Contents and Table of Authorities and, therefore, complies with Fed. App. Rule 32(a)(7)(A) and 6. Cie. R. 32(a), (b).

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Appellees*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 15th day of November, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon *Pro Se* Appellant John Koe via email at [john@johnkoe.org](mailto:john@johnkoe.org) and via regular U.S. mail to John Koe, P.O. Box 527, Novelty, OH 44072.

<u>*/s/ David A. Campbell*</u>
David A. Campbell (0066494)

*One of the Attorneys for Appellees*

## <u>ADDENDUM: DESIGNATION OF DOCUMENTS</u>

1. RE 1, Complaint, PageID # 1-17

2. RE 3, Motion to Dismiss, PageID # 20-32

3. RE 5, Motion for Protective Order, PageID # 36-93

4. RE 6, Protective Order, PageID # 94-95

5. RE 7, Dismissal Order, PageID # 96-101

6. RE 9, Motion for Reconsideration, PageID # 103-124

7. RE 10, Reconsideration Order, PageID # 125-126