IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JOHN KOE, a pseudonym, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v.    ) | No. 22-3952 |
| ) | |
| UNIVERSITY HOSPITALS HEALTH ) | |
| SYSTEM INC., et al., ) | |
| ) | |
| Defendants-Appellees. ) | |

APPELLANT'S MOTION TO EXTEND TIME TO FILE REPLY BRIEF

Pursuant to Federal Rule of Appellate Procedure 27 and Sixth Circuit Rule 26, Plaintiff-Appellant John Koe ("Koe") respectfully requests a 15-day extension of time, to and including December 26, 2023, for the time for filing his reply brief

This case involves a challenge to the district court's (1) improvident grant of an *ex parte* injunctive order restricting Koe's exercise of rights protected by the First Amendment of the Constitution; and (2) to erroneously dismiss Koe's civil rights complaint via a "drive-by jurisdictional" ruling. The district court refused to dissolve the injunctive order and refused to exercise its

subject-matter jurisdiction to hear Koe's federal civil rights action. Koe's appeal followed.

1. Appellant filed his opening brief on October 17, 2023.

2. Appellees filed a response brief consisting of 32 pages on November 15, 2023. Appellees raise, for the first time, a novel "jurisdictional" argument rooted in the esoteric judicially constructed doctrine known as Garmon preemption. See *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

3. Despite specialization in labor law and regular practice in this Circuit, counsel for Appellees avoid any mention of the independent federal remedy exception to this doctrine and related Sixth Circuit authority. See e.g. *Pulte Homes, Inc. v. Laborers' Intern. Union*, 648 F.3d 295, 300 (6th Cir. 2011) (explaining "the independent-federal-remedy exception" to the general doctrine and citing *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004) as an illustrative case).

4. Similarly, Appellees do not address the statutory provisions pertaining to Title VII that suggest its enforcement scheme and

remedies are independent of the jurisdiction of the National Labor Relations Board. See 42 U.S.C. §§ 2000e-5, 2000e-4, §2000e-6, 2000e-8; *Cf.* 29 U.S.C. § 153. See also 42 U.S.C. § 1981a.

5. Appellees' belated identification of this "jurisdictional" challenge for the first time in the response brief creates an impediment to an amicus brief by a subject-matter expert such as General Counsel of the National Labor Relations Board. See F.R.A.P. 29(a)(6).

6. Koe's reply brief is currently due on December 11, 2023.[1]

7. Koe now respectfully requests a 14-day extension of time, to and including December 26, 2023, in which to file his reply brief. There is good cause for the requested extension as it is necessary in light of other deadlines and additional constraints on Koe.

8. Koe is self-represented, has no education or experience in the law, and limited, irregular access to legal reference materials at best.

9. Koe has had and continues to have obligations including deadlines in the following concurrent and ongoing administrative

---

[1] Pursuant to the August 14, 2023 briefing letter and calculated as the first week day after (November 15, 2023 + 24-days)

proceedings including an ongoing hearing before the U.S. EEOC under 29 C.F.R. § 1614, charges before the National Labor Relations Board, and a charge pending before the U.S. EEOC.

10. The requested extension is not sought for delay. Rather, it will ensure that the Court receives a more full and helpful reply briefing.

11. This is Koe's first request for an extension of time for filing his reply brief.

## CONCLUSION

For the foregoing reasons, John Koe respectfully requests a 15-day extension, until and including December 26, 2023, in which to file his reply brief.

Dated: December 8, 2023

Respectfully submitted,

/s/ John Koe

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff-Appellant, *pro se*

- 5-

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) in that this document contains 550 words; and This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Office in 14-point Century Schoolbook.

Dated: December 8, 2023

_____
John Koe

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2023, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Sixth Circuit via the electronic mail box designated for *pro se* filers:

CA06 Pro_ Se_ Efiling@ca6.uscourts.gov

Service will be made on the following through the CM/ECF system as well as electronic mail:

David A. Campbell, III (OH Attorney# 66494)
Lewis Brisbois Bisgaard & Smith, LLP
David.A.Campbell@lewisbrisbois.com

Donald Slezak (OH Attorney# 92422)
Lewis Brisbois Bisgaard & Smith, LLP
Donal.Slezak@lewisbrisbois.com

*/s/ John Koe*
_____
John Koe