**RECEIVED**
01/25/2024
KELLY L. STEPHENS, Clerk

**Case No. 22-3952**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JOHN KOE,

Plaintiff-Appellant

v.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.

Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

### REPLY BRIEF OF JOHN KOE

John Koe
PO Box 527
Novelty OH 44027-0527
Tel: (330) 732-5001
johnkoe@johnkoe.org

Plaintiff-Appellant, *pro se*

# TABLE OF CONTENTS

Table of Authorities ............................................................ i

I.   Jurisdictional Statement ................................................ 1

II.  Counterstatement of the Case ...................................... 2

III. Summary of the Reply Argument .............................. 4

IV.  Reply Argument

    A.   Garmon Does Not Affect the Jurisdiction of the District Court to Adjudicate Title VII Actions ............... 5

    B.   Koe Has Challenged the District Court's Refusal to Modify its Judgment and Certification ...................... 7

    C.   Whether the Order was Improvidently or Erroneously Issued is a Question of Law Reviewed de novo ................................................................................ 8

    D.   The Order Issued in Excess of Jurisdictional Limitations Enacted by Congress ................................ 10

    E.   The Order Issued Absent the Good Cause Required by Fed. R. Civ. P. 26(c) ............................................... 11

    F.   Use of a Pseudonym at Filing Has No Bearing on Subject-Matter Jurisdiction ...................................... 13

V.   Conclusion ..................................................................... 15

Certificate of Compliance ................................................ 17

Addendum: Designation of Additional Documents ...... 18

Statutory Addendum ..................................................... a-f

Certificate of Service

## TABLE OF AUTHORITIES

Cases

*B.R. v. F.C.S.B.*, 21-1005 (4th Cir. 2021) — 14

*Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) — 14,15

*Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982) — 14

*McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012). — 9

*Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) — 15

*Nix v. Sword*, 11 F. App'x 498 (6th Cir. 2001) — 12

*Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006) — 8

*Pulte Homes, Inc. v. Laborers' Intern. Union*, 648 F.3d 295, 300 (6th Cir. 2011) — 6

*San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) — 6

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37-36 (1984) — 9

*Serrano v. Cintas Corp.,* 699 F.3d 884, 901 (6th Cir. 2012) — 12

*Trollinger v. Tyson Foods, Inc.,* 370 F.3d 602 (6th Cir. 2004) — 6

*Yao v. Oakland Univ.,* No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022). — 12

Statutes

28 U.S.C. § 1331 — 2

i

28 U.S.C. § 1291 — 2

28 U.S.C. § 1915(a)(3) — 7

Norris-LaGuardia Act of 1932
   29 U.S.C. §101 et seq. — 5, 10, 11, 15

29 U.S.C. § 101 — 10

29 U.S.C. § 102 — 10

Section 4 (29 U.S.C. § 104) — 11

29 U.S.C. § 107 — 11

29 U.S.C. § 113(c) — 10

National Labor Relations Act
   29 U.S.C. §151 et seq. — 6

42 U.S.C. § 2000e-5(f)(3) — 2

42 U.S.C. § 2000e-5(f)(3-5) — 6

42 U.S.C. § 2000ff-6(a) — 1

42 U.S.C. § 12117(a) — 1

Rules
Fed. R. App. P. 24(a)(3) — 8

Fed. R. App. P. 24(a)(5) — 8

Fed. R. Civ. P. 3 — 13, 14

Fed. R. Civ. P. 5(d) — 14

Fed. R. Civ. P. 7                                               14

Fed. R. Civ. P. 10                                              14

Rule 26(c) (Fed. R. Civ. P. 26(c))            5, 9, 12, 13

Rule 26(c)(1) (Fed. R. Civ. P. 26(c)(1))              12

Fed R. Civ. P. 82                                         10, 14

## I.    JURISDICTIONAL STATEMENT[1]

Koe's pleadings make clear that he is seeking redress for injuries related to conduct traceable to UH including Koe's discriminatory discharge during and motivated by his ongoing participation with an EEOC investigation into a charge he filed. (RE1, Complaint, PageID# 9-13). Koe has Article III standing because Koe is a real person with real injuries including termination from his employment alleged to be traceable to UH's alleged discriminatory conduct made unlawful by Title VII of the Civil Rights Act ("Title VII") 42 U.S.C. § 2000e et seq, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111 et seq., and the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. § 2000ff et seq. (Complaint, RE 1). The ADA and the GINA incorporate by reference the powers, procedures, and remedies of Title VII. 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000ff-6(a). Congress gave the courts the power and duty to hear and decide employment discrimination actions in Title VII. Thus, the district court had federal

---

[1] As both Koe's opening brief and UH's response brief lack jurisdictional statements, Koe provides this one.

question jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.  Koe timely appealed from the final decisions of the district court. The Court of Appeals has appellate jurisdiction under 28 U.S.C. § 1291.

## II.    COUNTERSTATEMENT OF THE CASE[2]

The plaintiff using the pseudonym "John Koe" filed his employment discrimination complaint on August 15, 2022 initiating his action. (Complaint, RE 1). Koe moved for IFP status at filing. (IFP Application, RE 2). Koe moved for leave to proceed under a pseudonym in the body of his complaint. (Complaint, RE 1 at PageID#6). On September 16, 2022, UH filed a motion to dismiss contending that Koe's use of a pseudonym when filing his complaint instead of his legal name deprived the district court of jurisdiction. (Motion to Dismiss, RE 3). On October 10, 2022, UH moved for an order prohibiting Koe from directly

---

[2] UH's statement does not portray the factual record accurately and fairly. About 50% of UH's statement is a regurgitation of UH's filings in the district court. See RB, pp. 12-13. Cf. (RE 5, Mot. for Order, PageID# 42-43); See also RB, pp. 14-17. Cf. (RE 5, Mot. for Order, PageID# 40-42).

communicating with its employees and affiliates and requiring Koe to direct all communications to UH's counsel of record. (Motion for Protective Order, RE 5).  The same or next day, the district court considered the motion ex parte and issued a combined opinion, order, judgment, and decree. (October 11, 2022 Order, RE 6). On October 13, 2022, the district court considering Koe's complaint pursuant to IFP screening: 1) granted Koe IFP status; 2) denied Koe leave to pseudonymously ; 3) concluded that its denial of that leave meant it lacked jurisdiction to hear Koe's case; and 4) dismissed Koe's complaint and action for lack of jurisdiction. (Dismissal Order, RE 7 at PageID#100-101). The dismissal order directed Koe to file a complaint under his real name to continue his case and certified that "an appeal from [its] decision could not be taken in good faith." *Id.* The district court entered a separate judgment the same day. (Judgment, RE 8). On November 9, 2022, Koe moved the district court to reconsider and modify its judgment. (Motion for Reconsideration, RE 9 at PageID#105-119). The district court denied Koe's motion the next day. (Reconsideration Order, RE 10). Koe filed a timely notice of appeal on November 14, 2022. (Notice of Appeal, RE 11).

## III.  SUMMARY OF REPLY ARGUMENT

UH avoids the issues, points, or authorities Koe identified and does not even attempt to meet them head-on. Instead, UH resorts to diffusion and dissimulation.  Over 80% the argument in UH's brief is a near verbatim regurgitation of UH's filings in the district court:

| RB Section, Pages | District Court Filing, PageID# |
|---|---|
| ¶ D. Dismissal, pp. 27-33 | RE 3, Motion to Dismiss, PageID# 26-30 |
| ¶ E. Order, pp. 34-38 | RE 5, Motion for Order, PageID# 44-47 |

UH advances the novel argument that the doctrine of *Garmon* preemption means that the district court is without jurisdiction to adjudicate Koe's employment discrimination action brought under Title VII, the ADA, and the GINA.  UH is wrong and its argument disregards the well-established independent-federal-remedy exception to the general doctrine described in published Sixth Circuit decisions. Because the remedial scheme of Title VII is independent of the National Labor Relations Board ("NLRB") and Congress conferred the courts with the jurisdiction to adjudicate Title VII actions, the district court's jurisdiction over Koe's action exists concurrent with the primary

jurisdiction of the NLRB to prevent and adjudicate unfair labor practices.

The non-binding decisions that the district court relied upon in concluding that it lacked jurisdiction to hear Koe's action are "drive-by jurisdictional" rulings accorded no precedential effect. Koe's filing of his complaint using a pseudonym instead of his legal name is immaterial to the district court's subject-matter jurisdiction. UH has no good faith counterargument.

In issuing the Order dated October 11, 2022 prohibiting Koe from communicating with other workers and restraining his ability to communicate about his case, the district court acted in excess of jurisdictional limitations enacted by Congress in the Norris-LaGuardia Act of 1932, 29 U.S.C. § 101 et seq. UH does not attempt to argue that these jurisdictional limitations do not apply. Instead, UH contends that there was good cause for the Order under Rule 26(c) while disregarding controlling Circuit precedent.

## IV.    REPLY ARGUMENT

### A.    *Garmon* Does Not Affect the Jurisdiction of the District Court to Adjudicate Koe's Title VII Action

UH contends that the broad preemption doctrine defined in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 means that the district court lacks jurisdiction to hear Koe's employment discrimination action. But UH disregards the well-established independent civil remedy exception to the general doctrine. See e.g. *Pulte Homes, Inc. v. Laborers' Intern. Union*, 648 F.3d 295, 300 (6th Cir. 2011); *Trollinger v. Tyson Foods, Inc.,* 370 F.3d 602 (6th Cir. 2004). When crafting Title VII, Congress created a remedial scheme entirely independent from the National Labor Relations Board ("NLRB") entrusting the courts with the duty to hear and determine actions brought under Title VII. 42 U.S.C. § 2000e-5(f)(3-5). Adjudication of Koe's action under Title VII, the ADA, and the GINA will not require the district court to interpret the National Labor Relations Act, 29 U.S.C. §151 et seq. so any potential questions related to unfair labor practices would amount to collateral issues. Thus, the district court's jurisdiction to hear and decide Koe's employment discrimination action is concurrent with, rather than preempted by the NLRB's primary jurisdiction to prevent and adjudicate unfair labor practices.

## B. Koe Has Challenged the District Court's Refusal to Modify

6

**its Judgment and Certification**

UH contends that Koe has not raised any argument regarding the district court's denial of that motion. (RB, 25). UH says that Koe failed to identify or argue clear errors of law in the motion he filed urging the district court to modify its decisions. *(*RB, 10 & 26*)*. UH is wrong. A decision to issue an order in excess of jurisdictional limitations enacted by Congress and an erroneous dismissal for lack of jurisdiction when jurisdiction exists constitute clear errors of law. Koe raised these issues with the district court prior to taking his appeal. (Motion for Reconsideration, RE 9 at PageID#105-119). On appeal, Koe expressly identified the district court's refusal to modify its judgment. (OB, pg. 4). Where the district court is reversed on the jurisdictional errors Koe raised, the district court's refusal to modify its judgment would reflect an abuse of discretion. As this issue is derivative of and intertwined with the merits of Koe's appeal from the underlying judgment, separate argument would be repetitious.

With respect to the district court's 28 U.S.C. § 1915(a)(3) certification, UH contends that Koe has waived a challenge to the certification and that there is no clear authority allowing for appeal for

such a certification. UH is wrong and is ignoring Circuit precedent.

"[Fed. R. App. P.] 24(a)(5) governs the procedure for consideration of a request to proceed IFP on appeal after the district court has denied such an application" *Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006). Koe has appealed the district court's certification by (1) moving to proceed IFP on appeal; (2) moving for reconsideration of the order denying IFP status on appeal; and (3) paying the appellate filing fee—despite financial hardship—to ensure this appeal would be heard and decided on the merits. The district court's failure to provide the written statement explaining the reasons for its certification required by Fed. R. App. P. 24(a)(3) denies Koe of the information needed to make a specific and particularized challenge. However, where there is arguable merit to the issues Koe has raised and especially if the district court is reversed on those issues, there was a good faith basis for Koe's appeal. Separate argument as to the district court's error so intertwined with the merits of the appeal would be repetitious.

## C.   Whether the Order was Improvidently or Erroneously Issued is a Question of Law Reviewed de novo

Whether the Order prohibiting Koe from communicating with other workers and about his case was improvidently or erroneously

8

granted is a question of law. Focusing on the Rule 26(c) protective order label, UH contends these sorts of orders are reviewed under an abuse of discretion standard. But courts look past labels to the substance and practical effects of an order. The Order in question is not a typical Rule 26(c) protective order "limited to the context of pretrial civil discovery" and narrowly tailored to only "restrict dissemination of information obtained through discovery." *Cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37-36 (1984) (holding an order issued based on a finding of good cause under Rule 26(c), limited to the context of pretrial discovery, and that does not restrict dissemination of information obtained outside of discovery "does not offend the First Amendment."). Rather, the Order prohibits Koe from communicating directly with all UH employees and affiliates and restrains Koe from communicating about his case. Thus, the Order restrains Koe's freedom of expression and freedom of association protected by the First Amendment. While preliminary injunctions are generally reviewed for abuse of discretion, when First Amendment interests are implicated, the standard of review is de novo. *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012). In this case, the First Amendment issues are subsumed by the jurisdictional limitations

enacted by Congress to guarantee individual workers, acting individually and in concert, their full freedom of association and other rights without interference from restraining orders and injunctions at the behest of employers. 29 U.S.C. §102. Fed R. Civ. P. 26 does not allow a district court to disregard jurisdictional limitations as the rules "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. In sum, questions of law, like whether the Order issued in excess of jurisdictional limitations enacted by Congress, are reviewed de novo.

## D.  The Order Issued in Excess of Jurisdictional Limitations Enacted by Congress

The jurisdictional limitations enacted in the Norris La-Guardia Act of 1932 ("Act"), 29 U.S.C. §101 et seq., apply to all federal courts and all cases "involving or growing out of a labor dispute." *Id.* § 101. Strict compliance with the provisions of the Act is a jurisdictional prerequisite to the issuance of any restraining order or injunction. *Id.* The Act broadly defines the labor dispute to include "any controversy concerning terms or conditions of employment," 29 U.S.C. §113(c). Koe's case concerns the terms or conditions of employment and thus qualifies as a labor dispute. Section 4 of the Act strips the federal courts of the

jurisdiction to issue any restraining order or injunction prohibiting any person interested in or participating in a labor dispute from a number of protected activities. 29 U.S.C. § 104. These enumerated activities include "giving publicity to the existence of, or the facts involved in, any labor dispute by any non-violent and non-fraudulent means" and seeking aid from other workers with respect to a lawsuit. 29 U.S.C. § 104(e, i, c-d). The district court lacked the jurisdiction to issue the Order prohibiting Koe from communicating with other workers and restricting his ability to communicate about his case. The district court was also without jurisdiction to issue the Order on account of its failure to comply with the procedural safeguard provisions of the Act. See e.g. 29 U.S.C. § 107.  Specifically, the Order issued in the absence of, without limitation:1) the required findings; 2) a charge of substantial and irreparable injury to UH's property; 3) testimony under oath; and 4) a security sufficient to compensate Koe for injuries flowing from an improvidently or erroneously issued order. *Id.* UH does not even attempt to offer counterargument on the issue of the jurisdictional limitations enacted in the Norris-LaGuardia Act.

**E.    The Order Issued Absent the Good Cause Required by Fed. R. Civ. P. 26(c)**

This Circuit has emphasized that to justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2013) (citations omitted); *Nix v. Sword*, 11 F. App'x 498 (6th Cir. 2001). UH contends there was good cause for the Order dated October 11, 2022. Here, UH disregards controlling Circuit precedent as to the good cause standard under Rule 26(c) and otherwise fails to illustrate any clearly defined and serious injury related to discovery. The Order issued based on the district court's ipse dixit assertion that the federal courts had the discretion to issue "Rule 26(c)(1) protective orders to protect parties from improper communications directly from *pro se* plaintiffs." (RE6, PageID# 94). The *Yao* order does not help UH's argument because it was issued based on stereotyped and conclusory statements as to "best practice" for *pro se* plaintiffs rather than a finding of a clearly defined and serious injury related to discovery, much less one demonstrated as a matter of fact. *Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, *3 (E.D. Mich. Jan. 20, 2022). UH failed and continues to fail to meet its

burden of demonstrating a clearly defined and serious injury related to discovery being sought. Thus, even under a Fed. R. Civ. P. 26(c) analysis, the Order issued—ex parte—in the absence of the required demonstration of good cause as defined by controlling Circuit precedent. The district court's decision to issue the order in the absence of the required demonstration of a clearly defined and serious injury—much less one that would justify the restraint on Koe's rights and interests—constitutes an error of law and an abuse of discretion.  UH has no good faith counterargument.

### F.   Use of a Pseudonym at Filing Has No Bearing on Subject-Matter Jurisdiction

Questions of law like whether there is subject-matter jurisdiction are reviewed is de novo. UH contends that Koe failed to "properly commence" an action when he attempted to file his complaint using a pseudonym rather than a legal name. UH says this means there was never any jurisdiction. UH is wrong.  "A civil action is commenced by filing a complaint with the court." Fed R. Civ. P. 3. "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or

any local rules or practices." Fed. R. Civ. P. 5(d). Thus, a complaint—even one with defects—is filed when tendered to the clerk of the district court. Koe's complaint was date stamped filed by the district court clerk on August 15, 2022. (RE 1, PageID# 1). There is no genuine dispute that Koe filed his complaint and commenced his employment discrimination action on August 15, 2022.  Fed. R. Civ. P. 3, 7, and 10 cannot be construed or applied to limit the jurisdiction of the district court because the procedural rules "do not extend or limit the jurisdiction of the district courts" Fed. R. Civ. P. 82. Whether Koe used a pseudonym when he filed his complaint has nothing to do with the district court's subject-matter jurisdiction. Koe's filing of a complaint under a legal name rather than a pseudonym would not suddenly confer subject-matter jurisdiction onto the district court where "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). UH characterizes *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) as "well-established precedent" but does not address the fact that it is unpublished and not binding on the Court. UH does not even attempt to respond to *B.R. v. F.C.S.B.*, 21-1005 (4th

14

Cir. 2021), holding that a plaintiff's failure to disclose her real name when filing a complaint pseudonymously is immaterial to subject-matter jurisdiction and rejecting *Marsh* and the related 10th Cir. decision as drive-by jurisdictional rulings with no precedential effect. [3] After its own careful independent analysis, the Court should join the Fourth Circuit in rejecting the *Marsh* decision and holding that a plaintiff's use of a pseudonym instead of a real name when filing a complaint has no bearing on subject-matter jurisdiction.

## V.    CONCLUSION

The jurisdictional limitations enacted in the Norris-LaGuardia Act, mandate reversal of the district court's decision to issue the order prohibiting Koe from communicating with other workers and restricting his ability to communicate about his case. The order should be vacated or dissolved and declared improvidently granted. Koe requests any other relief the Court deems just and proper.

---

[3] *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)

The district court has the power and duty to hear and decide Koe's employment discrimination action on its merits. The district court's decision to dismiss Koe's action for lack of jurisdiction must be reversed. Koe requests that directions consistent with the relief requested in his opening brief and any other relief the Court deems just and proper issue on remand to ensure the just, speedy, and inexpensive determination of Koe's case on the merits.

Dated: January 25, 2024                     Respectfully submitted,

                                            John Koe
                                            _____

                                            John Koe
                                            PO Box 527
                                            Novelty OH 44072-0527

                                            Tel: (330) 732-5001
                                            Email: john@johnkoe.org

                                            Plaintiff-Appellant, *pro se*

16

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) in that this document contains 3048 words; and

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word in 14-point Century Schoolbook.

Dated: January 25, 2024

*John Koe*

John Koe

17

**ADDENDUM: DESIGNATION OF ADDITIONAL DOCUMENTS**

1. RE 6, October 11, 2022 Order, PageID#94-95

2. RE 8, Judgment, PageID#102

3. RE 11, Notice of Appeal, PageID#127

# STATUTORY ADDENDUM

## Table of Contents

**Norris-LaGuardia Act, 29 U.S.C. § 101, et seq.**

Section 1 (29 U.S.C. § 101) ........................................................................ a
Section 2 (29 U.S.C. § 102) ........................................................................ b
Section 4 (29 U.S.C. § 104) ........................................................................ c
Section 7 (29 U.S.C. § 107) ........................................................................ d
Section 13 (29 U.S.C. § 113) ...................................................................... e

42 U.S.C. § 2000e-5(f)(3-5) ........................................................................ f

**Norris-LaGuardia Act, 29 U.S.C. § 101, et seq.**
**Section 1. [§ 101.] [Issuance of restraining orders and injunctions; limitation; public policy]**

No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

## Section 2 [§102.] [Public policy in labor matters declared]

In the interpretation of this chapter and in determining the jurisdiction and authority of the courts of the United States, as such jurisdiction and authority are defined and limited in this chapter, the public policy of the United States is declared as follows:

Whereas under prevailing economic conditions, developed with the aid of governmental authority for owners of property to organize in the corporate and other forms of ownership association, the individual unorganized worker is commonly helpless to exercise actual liberty of contract and to protect his freedom of labor, and thereby to obtain acceptable terms and conditions of employment, wherefore, though he should be free to decline to associate with his fellows, it is necessary

that he have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection; therefore, the following definitions of, and limitations upon, the jurisdiction and authority of the courts of the United States are enacted.

## Section 4 [§104.] [Enumeration of specific acts not subject to restraining orders or injunctions]

No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

(a) Ceasing or refusing to perform any work or to remain in any relation of employment;

(b) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any such undertaking or promise as is described in section 103 of this title;

(c) Paying or giving to, or withholding from, any person participating or interested in such labor dispute, any strike or unemployment benefits or insurance, or other moneys or things of value;

(d) By all lawful means aiding any person participating or interested in any labor dispute who is being proceeded against in, or is prosecuting, any action or suit in any court of the United States or of any State;

(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence;

(f) Assembling peaceably to act or to organize to act in promotion of their interests in a labor dispute;

(g) Advising or notifying any person of an intention to do any of the acts heretofore specified;(h) Agreeing with other persons to do or not to do any of the acts heretofore specified; and

(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified, regardless of any such undertaking or promise as is described in section 103 of this title.

## Section 7 [§107.] [Issuance of injunctions in labor disputes; hearing; findings of court; notice to affected persons; temporary restraining order; undertakings]

No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect-

(a) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;

(b) That substantial and irreparable injury to complainant's property will follow;

(c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

(d) That complainant has no adequate remedy at law; and

c

(e) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection.

Such hearing shall be held after due and personal notice thereof has been given, in such manner as the court shall direct, to all known persons against whom relief is sought, and also to the chief of those public officials of the county and city within which the unlawful acts have been threatened or committed charged with the duty to protect complainant's property: *Provided, however*, That if a complainant shall also allege that, unless a temporary restraining order shall be issued without notice, a substantial and irreparable injury to complainant's property will be unavoidable, such a temporary restraining order may be issued upon testimony under oath, sufficient, if sustained, to justify the court in issuing a temporary injunction upon a hearing after notice. Such a temporary restraining order shall be effective for no longer than five days and shall become void at the expiration of said five days. No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

The undertaking mentioned in this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against said complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing in this section contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law or in equity.

d

## Section 13 [§113.] [Definitions of terms and words used in chapter]

When used in this chapter, and for the purposes of this chapter-

(a) A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft, or occupation; or have direct or indirect interests therein; or who are employees of the same employer; or who are members of the same or an affiliated organization of employers or employees; whether such dispute is (1) between one or more employers or associations of employers and one or more employees or associations of employees; (2) between one or more employers or associations of employers and one or more employers or associations of employers; or (3) between one or more employees or associations of employees and one or more employees or associations of employees; or when the case involves any conflicting or competing interests in a "labor dispute" (as defined in this section) of "persons participating or interested" therein (as defined in this section).

(b) A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him or it, and if he or it is engaged in the same industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest therein, or is a member, officer, or agent of any association composed in whole or in part of employers or employees engaged in such industry, trade, craft, or occupation.

(c) The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee.

(d) The term "court of the United States" means any court of the United States whose jurisdiction has been or may be conferred or defined or limited by Act of Congress, including the courts of the District of Columbia.

e

**42 U.S.C. § 2000e-5(f)(3-5) [. . . jurisdiction and venue of United States courts; designation of judge to hear and determine case; assignment of case for hearing; expedition of case; appointment of master]**

(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

(4) It shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, or the acting chief judge, as the case may be, shall certify this fact to the chief judge of the circuit (or in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case.

(5) It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2024, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Sixth Circuit via the electronic mail box designated for *pro se* filers:

CA06 Pro_ Se_ Efiling@ca6.uscourts.gov

Service will be made on the following through the CM/ECF system and thus through electronic mail on:

David A. Campbell, III (OH Attorney# 66494)
Gordon Rees Scully Mansukhani
dcampbell@grsm.com

Donald Slezak (OH Attorney# 92422)
Gordon Rees Scully Mansukhani
dslezak@grsm.com

John Koe