IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN KOE, a pseudonym, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-3952 |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM INC., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

PETITION FOR REHEARING EN BANC AND PANEL REHEARING

<u>The Panel Overlooked the Principle of Party Presentation</u>

"The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.) "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *United States v. Burke,* 504 U.S. 229, 246 (1992) (Scalia, J., concurring). "[A] federal court does not have *carte blanche* to depart from the principle of party presentation basic to our adversary system." *Wood v. Milyard*, 566 U.S. 463, 472 (2012). In *United States v. Sineneng-Smith*,

140 S. Ct. 1575, 1578 (2020), the Supreme Court held that a Ninth Circuit appeals panel departure from the principle of party presentation constituted an abuse of discretion. The Supreme Court vacated the judgment and remanded the case for an adjudication of the appeal attuned to the case shaped by the parties rather than the case designed by the appeals panel. *Id.* The Supreme Court emphasized that courts are only justified in sua sponte raising issues and arguments only in exceptional circumstances like protecting "a pro se litigant's rights." *Id.*

In this case, the problem is that the panel overlooked questions and arguments raised by both parties and raised a new argument to the detriment of the self-represented appellant's rights, including his right to seek redress in court.

The Panel Overlooked the Facts in This Case

Plainly, the panel opinion fails to accurately and fairly portray the factual record and sequence of events in case. Critically, the district court in that case did not afford Koe notice or leave to amend before the 28 U.S.C. § 1915(e) sua sponte dismissal of his case and entry of separate judgment dismissing all claims on October 13, 2022. Accordingly, Koe did not have—and could not have had—any notice of impending dismissal or opportunity to correct a procedural deficiency or comply with an order of the court. The panel overlooked that there is no sanctions order imposing dismissal.  The panel overlooked that the facts of this case are different than *Doe v.*

*Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189 (6th Cir. May 6, 2020).

## The Panel Overlooked The Prejudice to Koe's Rights

The panel overlooks Koe's argument—preserved below and on appeal—that the dismissal despite its label operates with prejudice because it left him time-barred to refiling his claims. See *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987)(noting a prior panel decision holding "a timely complaint later dismissed without prejudice did not toll the statutory filing period of Title VII even though the order of dismissal purported to permit a refiling within thirty days of its entry.") (citing *Hall v. Kroger Baking Co.*,520 F.2d 1204 (6th Cir. 1975)). A post-judgment motion is not a substitute for an appeal. *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007)( "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal."). A district court is without the authority to shorten the time limit for filing a motion seeking relief from judgment or otherwise interfere with the right to seek appellate review. 28 U.S.C. § 2072(b); Fed. R. Civ. P. 83; Fed. R. Civ. P. 82.

## The Purpose of the Rules is to Reach Decisions on The Merits

The panel overlooked the purpose of the rules of procedure. As the Supreme Court has said, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits

to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id.(quoting *Conley* v. *Gibson*, 355 U.S. 41, 48.) Rule 61 provides "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

## Conclusion

For the above reasons, plenary review and further proceedings are warranted. Koe requests leave to supplement this filing.

Dated: March 22, 2024

Respectfully submitted,

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff-Appellant, *pro se*

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-3952

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Mar 8, 2024

KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JOHN KOE, a pseudonym, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, | ) OHIO |
| INC., et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

O R D E R

Before:  SUTTON, Chief Judge; NORRIS and SILER, Circuit Judges.

John Koe, an anonymous pro se Ohio plaintiff, appeals the district court's dismissal of his federal employment-discrimination and retaliation complaint without prejudice upon initial screening under 28 U.S.C. § 1915(e) for lack of jurisdiction.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  We affirm for the reasons that follow.

Koe was a medical resident at Case Western Reserve University/University Hospitals Cleveland Medical Center from June 2019 until he was discharged in April 2021, ostensibly because he lost his privileges to practice at the Cleveland Veterans Affairs Medical Center.  Koe claimed, however, that he was terminated because he resisted having to participate in unspecified mental health counseling through the hospital's employee assistance program (EAP).  Koe's complaint is unclear as to what prompted his supervisors to order this counseling.  Koe claimed, however, that the hospital's use of the EAP in this fashion was abusive, and he filed a complaint with the National Labor Relations Board and the Equal Employment Opportunity Commission

over this practice.  Koe also complained to his supervisors that one of his colleagues subjected him to a hostile work environment by quizzing him about his family's medical history.

Koe, proceeding pro se and in forma pauperis, filed this employment-discrimination and retaliation action[1] against University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center.  In the complaint, Koe moved the district court for permission to proceed anonymously, arguing that bringing this action would require him to disclose unspecified information of the "utmost intimacy" from his counseling sessions.  Koe further contended that "medical decisions relating to his health care and treatment are sensitive and personal matters warranting use of a pseudonym."  And he suggested that not allowing him to proceed anonymously would violate the Americans with Disabilities Act's provisions concerning the privacy of medical information.

The defendants responded with a motion to dismiss, arguing that the court lacked subject-matter jurisdiction over the case because, by proceeding anonymously, Koe had not properly commenced an action under Federal Rules of Civil Procedure 3, 7, and 10.  Additionally, the defendants asked the district court to issue a protective order under Federal Rule of Civil Procedure 26(c)(1) to prohibit Koe from communicating directly with their officers, employees, and affiliates, and to direct all of his communications concerning the lawsuit to their trial counsel.  The defendants attached to their motion copies of emails that Koe had sent to some of his former colleagues that the recipients viewed as harassing and correspondence that Koe had sent to the defendants' directors in which he disparaged their trial counsel.  The district court granted the defendants' motion for a protective order before Koe had an opportunity to respond because they had demonstrated "consistent and routine inappropriate communications from *pro se* Plaintiff John Koe directly to various employees of the Defendants."

The district court granted Koe's motion to proceed in forma pauperis, reviewed his complaint to determine whether it was subject to dismissal under § 1915, and concluded that he

---

[1] Koe brought claims under the Americans With Disabilities Act, 42 U.S.C. § 12112, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.

had not established good cause to proceed anonymously. Although Koe had alleged that the lawsuit would require him to disclose intimate information, the court found that he had not shown that his case was different from cases brought by other persons with mental-health disabilities. Further, the court found that Koe had not identified any specific harm that would result from the disclosure of his identity. Finally, the court reasoned that the factual allegations in Koe's complaint, including his medical specialty, dates of employment, and the names of the persons involved in the EAP assessment, made it easy to identify him. The court concluded therefore that Koe's privacy interests did not outweigh the presumption in favor of open judicial proceedings. And because Koe was not entitled to proceed anonymously, the district court dismissed the complaint without prejudice for lack of jurisdiction.

The district court gave Koe the opportunity to reopen the case by filing an amended complaint identifying himself within 14 days. Instead of filing an amended complaint, Koe moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court denied that motion.

On appeal, Koe argues that the district court erred in concluding that it lacked jurisdiction over the case due to his use of a pseudonym. Further, Koe contends that the district court denied him a full and fair opportunity to establish that he should be allowed to proceed anonymously. Lastly, Koe argues that the district court's protective order violated his rights under the First Amendment and the Norris-LaGuardia Act.

A complaint usually must state the names of all parties. Fed. R. Civ. P. 10(a). A district court may, however, permit a party to proceed anonymously after considering, among other factors, whether the case challenges government activity, whether the party would be compelled to disclose "information of the utmost intimacy" or "an intention to violate the law," and whether the party is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quotation omitted). "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Borough of*

*Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).  "But the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).  The key inquiry is whether the party's interest in privacy outweighs the presumption in favor of open judicial proceedings.  *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016); *Porter*, 370 F.3d at 560.  We review a district court's decision denying a party permission to proceed anonymously for an abuse of discretion.  *Cf. Porter*, 370 F.3d at 560.

In this case, Koe claimed only that his lawsuit would require him to disclose undescribed intimate information from his counseling sessions.  But Koe did not specify how he would be harmed by the disclosure of his identity.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (holding that an anonymous party's fear of harm must be reasonable).  And Koe could have been protected from the disclosure of private or embarrassing information that he revealed in his counseling sessions by filing the records under seal.  *See Blue Cross*, 112 F.3d at 872 ("Should 'John Doe's' psychiatric records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal.").

Koe's case is therefore materially indistinguishable from *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189 (6th Cir. May 6, 2020).  Like Koe in this case, the plaintiff in *Carson* claimed that she was discriminated against on the basis of a mental disability and wanted to proceed under a pseudonym to avoid the stigma associated with mental illness.  "But Doe failed to identify any exceptional circumstances distinguishing her case from other cases brought by plaintiffs claiming disability discrimination who suffer from mental illness." *Id.* at *3.  Moreover, Doe did not identify "any specific harm arising from disclosure of her identity." *Id.*  We concluded therefore that the district court did not abuse its discretion in refusing the plaintiff permission to proceed anonymously.  *See id.*

It is true that the district court might have erred in dismissing Koe's complaint for lack of jurisdiction. *Compare Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989))), *with B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (suggesting that *Gibbs* is a "drive-by jurisdictional ruling" and holding that pseudonymous filings do not affect the subject-matter jurisdiction of federal courts) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998))); *but see M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) (adhering to circuit precedent that "proceeding anonymously without permission is a jurisdictional defect that may (and, indeed, must) be raised *sua sponte*"). Nevertheless, dismissal of Koe's complaint for failure to comply with Rule 10(a) would have been appropriate. *See Carson*, 2020 WL 2611189, at *3; *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045-46 (9th Cir. 2010). Consequently, the district court's conclusion that it lacked subject-matter jurisdiction over Koe's complaint was at worst a harmless error. *See* 28 U.S.C. § 2111; *see also Seaton v. TripAdvisor LLC*, 728 F.3d 592, 601 n.9 (6th Cir. 2013) ("[W]e may affirm the district court's judgment on any basis supported by the record.").

We also reject Koe's contention that he did not have a fair opportunity to make his case to proceed anonymously. Koe included a motion to proceed under a pseudonym in his complaint, and he presented his reasons for using an alias and cited case law in support of that argument. Moreover, the defendants filed a motion to dismiss on the ground that Koe did not move for permission to proceed under a pseudonym before filing his complaint. Although Koe did not respond to that motion, he did file a Rule 59(e) motion that reiterated and amplified his reasons for proceeding under a pseudonym. In sum, the record shows that Koe had a fair opportunity to present his position to the district court. *Cf. Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 831 (6th Cir. 2013); *Nagarajan v. Jones*, 33 F. App'x 791, 792 (6th Cir. 2002).

Accordingly, we affirm the district court's dismissal of Koe's complaint without prejudice.

We conclude, however, that Rule 26(c)(1) did not authorize the district court to enter the protective order requested by the defendants. Rule 26(c)(1) governs harassing and burdensome discovery requests. *See Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). But here, the defendants were not seeking relief from improper discovery requests. Rather, they requested and received what amounts to a no-contact order because of Koe's allegedly harassing emails and correspondence to their officers and employees. Rule 26(c)(1) plainly does not apply in this situation. *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017 (6th Cir. 2005) ("[C]ourts must begin their interpretation of the Federal Rules, as with other laws, 'with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.'" (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985))); *Smith v. Ky. Fried Chicken*, No. 06-426-JBC, 2007 WL 162831, at *5 (E.D. Ky. Jan. 18, 2007) ("Rule 26(c) deals with protection from abusive and harassing discovery; it is not meant to limit a party's communications with other parties."). And there are state remedies available if Koe's allegedly harassing communications continue and are sufficiently severe. *See* Ohio Rev. Code § 2903.211(A)(1) (prohibiting a pattern of conduct that knowingly causes mental distress to another person).

For these reasons, we **AFFIRM** the district court's judgment, and we **REMAND** the case to the district court with instructions to vacate the protective order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk