## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN KOE, a pseudonym, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-3952 |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM INC., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

## APPELLANT'S MOTION FOR EXTENSION OF TIME
## TO FILE PETITION FOR REHEARING EN BANC

Plaintiff-Appellant John Koe ("Koe") respectfully moves to extend

time to file his petition for rehearing en banc (FRAP 35, FRAP 40) by 10

days to and including April 1, 2024.

During briefing, Koe requested—and this Court granted—

extensions of time as a disability-related accommodation for an acute

episode of an intermittent condition substantially limiting his ability to

read and write compared to members of the general population. Koe is

still experiencing the limitations imposed by the acute episode of

central serous chorioretinopathy previously disclosed to the Court. See

- 1-

attached Declaration of John Koe. Accordingly, Koe is requesting this extension of time as an accommodation that will allow him to submit a helpful petition for rehearing en banc that meets the FRAP 35 standard. The lack of any information aimed at non-attorneys on this process has necessitated extra time to even grasp that high standard.

Koe respectfully requests that the filings he submitted noting the exceptional nature of the panel decision's departure from the principle of party presentation and requesting further proceedings and leave supplement be construed as requesting this 10-day extension of time to file a finalized petition for rehearing en banc. In this case, the panel decision departed from the principle of party presentation, but to the detriment of a pro se litigants rights. Compare to *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present....departures from the party presentation principle have usually occurred to protect a *pro se* litigant's rights.")(citations omitted)(cleaned up).

This proceeding involves issues of exceptional importance pertaining to the separations of powers, access to the courts, and

respect for Congressional intent and enactments including jurisdictional limitations. See e.g. *Jones v. Bock*, 549 U.S. 199, 199 (2007) (holding rules established by the Sixth Circuit were "not required by the PLRA, and crafting and imposing such rules exceeds the proper limits of the judicial role."); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under [28 U.S.C. § 1915]"); *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir. 1985)( "This court will scrutinize with special care any dismissal of a complaint filed under a civil rights statute."). *Neitzke v. Williams*, 490 U.S. 319, 330 (1989)( "According opportunities for responsive pleadings to indigent litigants . . . is all the more important because indigent plaintiffs so often proceed *pro se* and therefore may be less capable of formulating legally competent initial pleadings.").  See also *Rules Enabling Act*, 28 U.S.C. § 2027(b) (the procedural rules "shall not abridge, enlarge or modify any substantive right."); Fed. R. Civ. P. 82(the Rules "do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."); Fed. R. Civ. P. 61("At every stage of the proceeding, the court must disregard all errors and defects

that do not affect any party's substantial rights."). See also the *Norris La Guardia Act*, 29 U.S.C. § 101 et seq. (enacting jurisdictional limitations upon the federal courts to ensure workers individually and collectively "shall be free from the interference, restraint, or coercion of employers of labor, or their agents" and protect the rights of workers to freedom of association, self-organization, and liberty of contract); *Allgeyer v. Louisiana*, 165 U.S. 578, 589 (1897) ("liberty...means not only the right....to be free from...incarceration, but....embrace[s] the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation," and enter contracts essential to those ends).

## CONCLUSION

For the foregoing reasons, Koe respectfully requests an additional 10-day extension, until and including April 1, 2023, in which to file his petition for rehearing en banc.

Dated: March 25, 2024

Respectfully submitted,

John Koe
PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Plaintiff-Appellant, *pro se*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) in that this document contains ca. 672 words; and

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Office in 14-point Century Schoolbook.

Dated: March 25, 2024

John Koe

# EXHIBIT A

## DECLARATION OF JOHN KOE

In further support of his motion Plaintiff-Appellant Koe declares:

1.  I, John Koe, am the self-represented, non-attorney appellant in Case No. 22-3952.

2.  I am not registered as a CM/ECF filer thus I received the Court's service of the panel order and judgment via First Class mail.

3.  I am still experiencing the limitations imposed by the acute episode of central serous chorioretinopathy previously disclosed to the court in Document No. 32, Motion for Extension of Time, filed December 27, 2023.

4.  During an acute episode of this condition, I must expend more effort and need more time to read and to communicate in writing when compared to members of the general population.

5.  Effects of this disorder of retinal function are not ameliorated by the use of eyeglasses or corrective lenses.

6.  I am requesting this additional extension of time for the purpose of being able to submit a helpful petition for

rehearing en banc that meets the FRAP 35 standard.

7.     I understand the FRAP 35 standard generally requires identification of on point Supreme Court precedent or published Sixth Circuit panel decisions in conflict with the panel decision such that consideration by the full court is needed in the interest of decisional accuracy, consistency, and integrity of the court's decisions.

8.     I believe I can meet this standard with the grant of the additional time requested.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 25, 2024.


*John Koe*

John Koe

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2024, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Sixth Circuit via the electronic mail box designated for *pro se* filers:

CA06 Pro_ Se_ Efiling@ca6.uscourts.gov

Upon entry by the Clerk service will be made through the CM/ECF system on users registered in that system.

John Koe

_____

John Koe